Before STATE INDUSTRIAL COMMISSION.

In the Matter of the Claim of WILLIAM KUNASEK, JR., for Compensation under the Workmen's Compensation Law, *v.* NEW YORK CONSOLIDATED CARD COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier.

Third Department, December 28, 1916.

**Workmen's Compensation Law — artificial arm not "apparatus" within meaning of statute — when employee not entitled to artificial arm.**

An artificial arm is not an "apparatus" within the meaning of section 13 of the Workmen's Compensation Law. Hence, an employee who has lost an arm in an accident, and has received full compensation therefor, is not entitled, in addition thereto, to an artificial arm which he demanded during the first sixty days after the injury.

CERTIFICATION by State Industrial Commission to the Appellate Division, Third Department, of a question pursuant to section 23 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1916, chap. 622).

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel for the State Industrial Commission, for the claimant.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the employer and the insurance carrier.

WOODWARD, J.:

The petitioner in the present proceeding before the State Industrial Commission lost his right arm in an accident on the 4th day of June, 1915. The Commission awarded him the full statutory allowance of 312 weeks' compensation, and the question presented upon this appeal is whether the claimant is entitled, in addition thereto, to an artificial arm, which he demanded during the first sixty days after his injury. The State Industrial Commission asks the question, " Is the employer, the New York Consolidated Card Co., or the insurance carrier, the Employers' Liability Assurance Corporation,

Limited, or either of them, required under the provisions of section 13 of the Workmen's Compensation Law, to furnish the said William Kunasek, Jr., with an artificial limb?"

The Commission certify that the claimant could not have made use of the artificial arm at any time within the period of sixty days from the time of the accident, and the question, so far as this case is concerned, merely requires the determination of whether the mere demand of the employee for an artificial arm within a period of sixty days entitled him to have such artificial arm, although he could make no use of it within the time limited by the statute.

This brings us to the question whether an artificial arm is an "apparatus" within the meaning of the provisions of section 13 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41). That a natural arm is not to be considered as an "apparatus" must be clear to any one who stops to consider the matter for a moment. It was held in the early Massachusetts case of *Coolidge* v. *Choate* (11 Metc. 79) that a living bird or animal, as a game cock, could not be an implement or apparatus of gaming; that the words "implement" and "apparatus" were synonymous (*Commonwealth* v. *Adams*, 160 Mass. 310), and that neither of these covered a living animal, even though the particular game could not be carried on without them. It seems clear that the statute in this case does not contemplate anything more than the apparatus necessary or proper for the first sixty days of intelligent and practical treatment of the injured employee, and that there can be no justification for holding that an artificial arm is an apparatus any more than the natural arm would be an apparatus. An implement would certainly not be defined so as to include an artificial arm, and there is no occasion for construing apparatus in a broader scope, the two words being practically synonymous as generally used. No doubt the claimant could have called for any apparatus which was necessary or proper in the treatment of his health or strength during the sixty days following his injury, and it would have been the duty of the employer to have supplied them, under the conditions prescribed by the statute, but to contend that the claimant could by a mere arbitrary demand impose the duty

of supplying a new arm, where he had been fully compensated for the old one, is, we think, wholly without warrant in law.

In view of what has already been said, it is not necessary further to consider the question of whether the artificial arm could have been used within sixty days of the injury.

The question should be answered in the negative.

All concurred.

Question certified answered in the negative.