## INLAND STEEL CO. v. HALL.

Court of Appeals of Kentucky.

Jan. 18, 1952.

J. Woodford Howard, Fred G. Francis, Prestonsburg, for appellant.

Kenneth A. Howe, Pikeville, for appellee.

STEWART, Justice.

Appellee, Warren G. Hall, plaintiff below, while in the employ of appellant, Inland Steel Company, received an injury on July 18, 1950, that resulted in the loss of his right leg. Liability was not denied and compensation for the loss of the limb has been paid by appellant pursuant to the applicable provisions of KRS Chapter 342. On January 29, 1951, the parties hereto entered into a stipulation before the Workmen's Compensation Board that the case be reopened for the sole purpose of determining whether appellant is required to furnish appellee an artificial member under the provisions of KRS 342.020, as amended by the General Assembly in 1950, effective June 15, 1950.

The Compensation Board rendered an opinion and award on June 5, 1951, holding that the employer is not required to furnish the employee an artificial member under KRS 342.020 as amended. Thereafter appellee filed his petition for review in the Floyd Circuit Court. The circuit court reversed the award and remanded the case to the Compensation Board, with directions that the latter enter an order requiring appellant to provide appellee with an artificial member. Inland Steel Company appeals from this judgment.

The question presented is whether the employee, in addition to the full statutory allowance of compensation for the loss of his right leg, is entitled to an artificial member at the employer's expense. The answer must be resolved by determining the intent of the Legislature at its 1950 Session in repealing KRS 342.020 and in re-enacting this section in one unnumbered paragraph in essentially the same language as subsection 1 of the old Act with the exception of one substantial modification that we shall later mention. Subsection 2 of the old Act is omitted from the new one.

Subsection 1 of KRS 342.020 prior to the 1950 Act, so far as it is pertinent to the case at bar, was in these words: "In addition to all other compensation provided in this chapter, the employer shall furnish for the cure and relief from the effects of an injury, such medical, surgical and hospital treatment, including nursing, medical and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability, but not exceeding a total expense to the employer of more than five hundred dollars."

Subsection 2 of the old Act further provided: "Where a compensable injury results in the amputation of an arm, hand, leg or foot, or the loss of hearing, or the enucleation of an eye or the loss of natural teeth, the employer shall initially furnish in addition to the medical, surgical, and hospital treatment enumerated in subsection (1) of this section a modern artificial member, and where required, proper braces."

Aside from the elimination of subsection 2 of the prior statute in its entirety from the 1950 Act, the new Act embraces substantially the language of subsection 1 of the old Act, except that the total expense for which the employer is liable for medical treatment was increased to an amount not to exceed twenty-five hundred dollars. Therefore, as is apparent, there is excluded from the present provisions of KRS 342.020 the specific requirement that an employer must furnish an artificial member to an employee in such a case as the present one.

Notwithstanding the omission of subsection 2 from the new Act, appellee argues that the words "surgical supplies and appliances" in KRS 342.020 as now enacted are sufficiently broad in scope to include an artificial member, and he relies upon Olmstead v. Lamphier, 93 Conn. 20, 104 A. 488, 489, 7 A.L.R. 542 to sustain his position. This case held that the phrase "surgical aid or service" in an act similar to the one here was so general as to include the furnishing of an artificial leg at the employer's expense. On the contrary, appellant cites Kunasck v. New York Consol. Card Co., 176 App.Div. 135, 162 N.Y.S. 361, as controlling this action. In this last opinion the court held that "apparatus" did not cover

an artificial arm as an item to be provided. No Kentucky decision has been found that fits the facts herein. However, inasmuch as we have concluded that our decision must be governed by the intent of the Legislature in repealing the old Act and in re-enacting the present one, we believe the result will be sufficient to overcome and explain away appellee's contention.

In determining legislative intent certain presumptions are indulged. One of these is that the Legislature in amending a statute is presumed to know the existing law on the same subject. This principle is thus stated in Rose v. Turner, 301 Ky. 272, 191 S.W.2d 397, 398: "It is fundamental that in the enactment of a more recent statute, prior enactments on the same subject are presumed to have been in the mind of the Legislature." Another presumption is that where a clause in an old enactment is omitted from the new one, it is to be inferred that the Legislature intended that the omitted clause should no longer be the law. In Eversole v. Eversole, 169 Ky. 793, 185 S.W. 487, 489, L.R.A. 1916E, 593, we said on this point: "Where a statute is amended or re-enacted in different language, it will not be presumed that the difference between the two statutes was due to oversight or inadvertence on the part of the Legislature. On the contrary, it will be presumed that the language was intentionally changed for the purpose of effecting a change in the law itself."

Here, then, applying the established rules of statutory construction to the section of law under consideration, there seems to be no escape from the conclusion that the Legislature did not intend the words "surgical supplies and appliances" in the old Act to embrace an artificial member; otherwise, there would have been no necessity for adding the second subsection to the old Act wherein artificial members were required to be furnished by the employer. We must assume that the Legislature that enacted the present statute knew all this, and, with such knowledge, in re-enacting KRS 342.020 in 1950 employed the same words "surgical supplies and appliances" in the new Act but omitted from the later enactment the provisions relating to

the duty of an employer to furnish an artificial member. This means that the Legislature in 342.020 as amended intended to and did change the statute so as to relieve the employer from furnishing artificial members.

Wherefore, the judgment is reversed with directions that the circuit court enter a judgment in conformity with the award of the Compensation Board.

COMBS, J., not sitting.