Corneal K. GOODE, Appellant,

v.

FLEISCHMANN DISTILLING CORPO-
RATION et al., Appellees.

Court of Appeals of Kentucky.

Feb. 25, 1955.

Richard A. Robertson, Robertson & Robertson, Owensboro, for appellant.

J. Walter Clements, Louisville, for appellees.

MONTGOMERY, Justice.

The sole question involved in this appeal is whether or not the statute of limitations has been tolled as to the appellant's claim by virtue of the mistaken diagnoses of the physicians who examined him.

Corneal K. Goode slipped on some slick steps and fell down a flight of stairs, injuring his back on November 11, 1948, while he was going about the usual course of his duties as a pump operator at the Fleischmann Distilling Corporation. The accident occurred in the presence of one Tommy Miller, appellant's foreman.

Appellant continued to work without medical examination until November 23, 1948, when he was sent by his employer to the company physician. He treated appellant about sixteen or eighteen times over a period of about three weeks, and he diagnosed the injury as being a bruised hip and a strained nerve. Thereafter, appellant, of his own volition, and because the company physician had failed to be in his office on some three occasions, went to another physician, who treated him approximately thirty times during January and February, 1949. He also was treated by an associate of the company physician. Thereafter, appellant was treated on numerous occasions continuously by various doctors and a chiropractor until he went to the sixth doctor on March 24, 1952. This doctor had appellant X-rayed and diagnosed his injury as a herniated disc. Upon his advice, appellant went to a specialist in Louisville, where his injury was again diagnosed as herniated disc, on March 28, 1952. An operation was performed March 31, 1952, and he returned to work in July, 1952. Previously, appellant had continued to work at the distillery from the date of his accident until March 7, 1952. The diagnoses made by the various doctors and the chiro-

practor, apparently, were incorrect until the one made on March 24, 1952.

Appellant filed claim with the Workmen's Compensation Board on March 9, 1953. Compensation was denied in turn by the referee, by the Board, and by the lower court, from whose judgment this appeal is taken. The basis of the denial was appellant's failure to file his application within one year after the accident, as provided in KRS 342.270(1), which is as follows:

"(1) If the parties fail to reach an agreement in regard to compensation under this chapter, or if they have previously filed such an agreement with the board and compensation has been paid or is due in accordance therewith and the parties thereafter disagree, either party may make written application to the board for a hearing in regard to the matter at issue and for a ruling thereon. Such application must be filed within one year after the accident, or in case of death, within one year after such death, or within one year after the cessation of voluntary payments, if any have been made."

It is admitted by appellant in his testimony that he suffered continually from the injury received on November 11, 1948, until relieved following his operation on March 31, 1952. During this time, he was treated by the company doctor, his associate, and five doctors and one chiropractor of his own choice before finally making application for adjustment of his claim approximately four years and four months after receiving the injury.

Conceding that the company physician may not have correctly diagnosed the injury to appellant, his diagnosis was for a bruised hip and strained nerve for which appellant could have filed claim but did not do so. There is nothing in the evidence to indicate that the company physician willfully or unduly misled appellant or did anything other than make a wrong diagnosis. Appellant is in no position to say that he relied upon the wrong diagnosis of the company doctor and was thus lulled into waiting beyond the one year period of limitation, because he voluntarily sought treatment from various other sources, knowing all the time that he was suffering from the injury received on November 11, 1948. In January and February, 1949, appellant consulted the first of the series of five doctors and one chiropractor selected by him, thus showing that he was not content to rely upon the first diagnosis. Certainly, appellant's employer could not be held responsible in any way for the possible mistaken diagnosis made by a doctor, or doctors, of appellant's own .choice. There being no questions of fraud or voluntary payment by the employer, the conduct of appellant is sufficient to show that his employer was not at fault in appellant's failure to file his claim in due time. In this case, there are no facts upon which a tolling of the statute of limitations can be based and appellant's claim was barred after one year from the date of injury received. Fiorella v. Clark, 298 Ky. 817, 184 S.W.2d 208; Carbide & Carbon Chemicals Corporation v. Cook, 304 Ky. 63, 199 S.W.2d 983; Sweeney v. Kentucky State Highway Department, 315 Ky. 503, 232 S.W.2d 1018; Charles v. Big Jim Coal Co., 314 Ky. 778, 237 S.W.2d 68; Laswell v. Carrollton Furniture Mfg. Co., Ky., 251 S.W.2d 296; Inland Gas Corporation v. Flint, Ky., 255 S.W.2d 1006.

This case is distinguished from the case of Turner, Day & Woolworth Handle Co. v. Morris, 267 Ky. 217, 101 S.W.2d 921, wherein it was held that the statutory limitation period commences to run from the time when it becomes reasonably apparent that a latent injury which is compensable has been sustained. In the case at bar, appellant knew that he received the injury on November 11, 1948, and suffered continually from it until relieved in 1952, so it cannot be said that his condition was unknown to him or that his injury was latent.

The judgment is affirmed.