**Luther LOWERY, Appellant,**

v.

**BLUE DIAMOND COAL COMPANY et al.,
Appellees.**

Court of Appeals of Kentucky.

Feb. 23, 1962.

Doyle & Doyle, Harlan, for appellant.

James Sampson, Harlan, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment affirming an order of the Workmen's Compensation Board which dismissed appellant's claim seeking compensation for disability due to silicosis. Dismissal was based on a finding that appellant did not give timely notice under KRS 342.316(2).

Appellant worked in appellee's mines from 1933 to June 25, 1957, when the mines ceased operations. During 1953 appellant was told by a Doctor Ball that his difficulty in breathing was probably caused by the presence of rock dust in his lungs. In that same year appellant observed that he tired easily and that his physical capacity to perform arduous labor was reduced. Upon his request he was examined by two physicians who were regularly employed by the appellee coal company. One of these doctors diagnosed appellant's complaint as attributable to asthma, the other concluded he was suffering from ulcers but was of the opinion that he could continue working if he felt like it. Appellant continued to work for appellee but was permitted to perform duties which required less physical effort than those he had previously performed in the mines.

Appellant's physical condition did not improve and he again sought medical advice. On July 11, 1957, he was advised by a lung specialist that he had contracted silicosis.

Appellant immediately notified appellee's office manager of this diagnosis and on September 9, 1957, he filed an application with the Workmen's Compensation Board seeking compensation benefits.

The Board found that appellant had not been able to perform heavy work in appellee's mines since 1953 because of shortness of breath and that the information obtained from Doctor Ball about the rock dust in his lungs was sufficient to apprise him of his disability from an occupational disease. The Board concluded that appellant's failure to give appellee prompt notice that he had contracted an occupational disease in 1953 was fatal to his claim.

Prior to August 1, 1956, KRS 342.316(2) required an employee to give his employer notice of his disability as soon as practicable after the employee had knowledge that he had contracted an occupational disease. Therefore, the question arises whether the Board erred in determining that the information given to appellant by Doctor Ball in 1953 was sufficient to impart knowledge to appellant that he had contracted an occupational disease.

. The information given by Doctor Ball cannot reasonably be held to have placed appellant on notice that he had contracted an occupational disease. While it did alert him to seek further medical opinions from physicians employed by the appellee company (who did not diagnose his condition as silicosis), it does not support the Board's finding that appellant knew he had an occupational disease upon being told that he had rock dust in his lungs. Since we have determined as a matter of law that appellant was not required by KRS 342.316(2) prior to the 1956 amendment to give appellee notice under these circumstances, the Board erred in dismissing the application for compensation on that ground.

The judgment is reversed with directions to remand the case to the Workmen's Compensation Board for further proceedings not inconsistent with this opinion.