**BLUE DIAMOND COAL COMPANY and Special Fund, Appellants,**

**v.**

**Cloyd STEPP and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 17, 1969.

Maxwell P. Barret, Reeves, Barret, Cooper & Ward, Hazard, for Blue Diamond Coal Co.

Martin Glazer and Thomas R. Emerson, Dept. of Labor, Frankfort, for Special Fund.

Denver Adams, Hyden, for appellee Cloyd Stepp.

CULLEN, Commissioner.

Cloyd Stepp's application for workmen's compensation for disability from silicosis was rejected by the Workmen's Compensation Board on the ground that timely notice of claim had not been given as required by KRS 342.316. On appeal to the circuit court judgment was entered reversing the order of dismissal and remanding the case to the board with directions to hear the application on its merits. The employer (Blue Diamond Coal Company) and the Special Fund have appealed from that judgment.

The mine of Blue Diamond Coal Company in which Stepp had worked for a number of years was closed, and Stepp was laid off, on January 29, 1964. Stepp never worked again in hired employment. On March 13, 1967, he wrote to Blue Diamond giving notice of alleged disability from silicosis and on March 15, 1967, he filed application for compensation.

The board found as a fact (which finding is not questioned) that Stepp was advised by a doctor, at least a year before he gave notice of claim, that he had silicosis. The board concluded that the notice of claim had not been given "as soon as practicable" as required by KRS 342.316. On this appeal Blue Diamond and the Special Fund argue simply that the board's finding is conclusive and binding.

The circuit court was of the opinion that the board's holding was legally in error because (1) there was no proof that Stepp was *disabled* for any substantial period of time before he gave notice of claim and (2) there was no showing that Blue Diamond was prejudiced by the delay in giving notice. Stepp's counsel, in his brief in this court, argues primarily the point of absence of prejudice.

We reject the no-prejudice argument. Admittedly there is precedent in our decisions for the argument but we have concluded that the precedent is unsound.

The proposition that delay in giving notice of claim will not bar recovery where the employer was not prejudiced by the delay originated in Mengel Co. v. Axley, 311 Ky. 631, 224 S.W.2d 921, in which the court purported to find such meaning in KRS 342.200. Upon present careful study of that statute we do not find it to support the proposition. This is the statute:

"The notice shall not be invalid or insufficient because of any inaccuracy in complying with KRS 342.190 unless it is shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this chapter if it is shown that the employer, his agent or representative had knowledge of the injury or that the delay or failure to give notice was occasioned by mistake or other reasonable cause."

The statute makes lack of prejudice a controlling consideration only in relation to an *inaccuracy* in compliance with the notice requirements; *delay* is excused only by the employer's actual knowledge of the claim or by mistake or other reasonable cause. By no reasonable interpretation can the statute be held to mean that delay is excusable if the employer was not prejudiced. To the extent that it so held, Mengel Co. v. Axley is overruled, as are the cases repeating its doctrine, which include Osborne Mining Corporation v. Barrera, Ky., 334 S.W.2d 917. (As pointed out in Bethlehem Mines Corporation v. Davis, Ky., 368 S.W.2d 176, the Barrera case was overruled on another point by the Chitwood holding.)

■ We address ourselves now to the question of whether Stepp was in fact guilty of a fatal delay in giving notice, in that his notice was not given as soon as practicable after conditions arose imposing the duty to give notice. The circuit court was correct in its view that *disability* must exist before notice of claim for compensation for silicosis is required to be given, because that was the holding in Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167, which holding has since consistently been followed. It is not enough (as the board seemed to think in this case) that the workman simply have been advised by a doctor that he has the disease. So this appeal resolves itself down to the one issue of whether the evidence warranted a finding that Stepp was *disabled* from silicosis at or about the time that he was given the diagnosis that he had the disease.

■ Of course we are dealing with *occupational* disability, which relates to the employe's capacity to perform his work. See Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167. Where the employe continues in full-time employment by the same employer he cannot be considered to be disabled. See Stephens Elkhorn Coal Company v. Tibbs, Ky., 374 S.W.2d 504. The troublesome problem arises, as in this case, where the workman is in a period of unemployment when, or enters upon a period of unemployment after, he is diagnosed as having silicosis. At what time during that period may he be considered to have become disabled, i. e., developed an impairment of his capacity to work?

■ We are persuaded that the workman should be deemed to be disabled from silicosis, for the purpose of notice requirements, when circumstances exist from which the workman realizes or reasonably should realize that his capacity to perform his work is impaired by reason of silicosis.

■ The only relevant evidence in this case on the issue of disability is found in the testimony of Stepp himself and the testimony of Dr. William H. Anderson. Stepp said that after he was laid off in January 1964 he did not try to find a job because "I didn't feel like I could stay on a job if I had one." Dr. Anderson, who examined Stepp in September 1967, said that Stepp gave him a history of shortness of breath and episodes of wheezing "mostly present since he stopped working," and "spells of

coughing for the last three or four years." Thus the record shows Stepp's own evaluation of his inability to work commencing with the time he was laid off, accompanied by symptoms of lung disease. We have held that disability may be established by the claimant's own testimony. Cutshin Coal Co. v. Begley, Ky., 385 S.W.2d 59.

It is our opinion that the foregoing evidence was sufficient to *warrant* a finding by the Board that Stepp was disabled at the time he was given the diagnosis that he had silicosis. We believe the evidence was not so strong as to *require* such a finding, because of the absence of a conclusive showing that Stepp knew or should have known that his inability to work was attributable to his silicotic condition (he also complained of an ulcer).

■ The ultimate difficulty in this case arises from the fact that the board did not make a clear-cut finding on the issue of disability. The board seems to have *assumed* that Stepp became disabled the moment he was laid off. Since the existence or nonexistence of disability is a key fact as concerns the requirement of giving notice, it is our opinion that the board should have made a specific finding of that fact. We conclude that the case should have been remanded to the board with directions to make a specific finding of whether Stepp was disabled from silicosis at or about the time he was given the diagnosis that he had silicosis. See KRS 342.275; South Mountain Coal Co. v. Haddix, 213 Ky. 568, 281 S.W. 493.

This case is distinguished from Blue Diamond Coal Company v. Blair, Ky., 445 S.W. 869 by the difference in proof as to the workman's awareness (actual or imputed) of his disability.

The judgment is reversed, with directions to enter judgment remanding the case to the Workmen's Compensation Board for further proceedings in conformity with this opinion.

All concur.