**Chester CAUDILL, Appellant,**

v.

**JEAN COAL COMPANY, Special Fund and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

April 7, 1978.

Rehearing Denied July 21, 1978.

Discretionary Review Denied Oct. 24, 1978.

R. Roland Case, Kelsey E. Friend Law Firm, Pikeville, for appellant.

John Riehl, Jr., Louisville, for Special Fund.

J. W. Craft, Jr., Craft, Barret, Haynes & Ward, Hazard, for Jean Coal Co.

Kenneth Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellees.

Before MARTIN, C. J., and REYNOLDS and WILHOIT, JJ.

MARTIN, Chief Judge.

This is an appeal from the Letcher Circuit Court setting aside an award of the Workmen's Compensation Board. The decision there was that the evidence was insufficient to support the conclusion of the Board that a claim had been timely filed.

The claimant was awarded compensation for permanent and total disability as a result of the occupational disease of pneumoconiosis, or black lung disease. The opinion of the Board of February 21, 1977, disregarded the allegation of the employer that the claimant had failed to notify the company within a reasonable time of his disability.

The claimant has worked in the coal industry for some twenty-seven (27) years. In 1971 he consulted his family physician and was advised he should be examined further as he showed signs of silicosis. No x-rays were taken and the claimant did not consult another physician as suggested by his family physician.

In July, 1973, claimant filed for federal black lung benefits. In November, he terminated his employment claiming he was unable to work because of a shortness of breath. In December, his claim for federal benefits was denied. A second claim for federal benefits was filed in early 1974. In August of 1975, he was diagnosed as having pneumoconiosis. On November 10 of that year, he filed his claim for benefits under our Workmen's Compensation Act. We agree with the conclusion of the circuit court that these facts, as found by the Board, do not support an award for benefits.

On appeal, the only issue we have before us is whether the award of the Board is supported by substantial evidence. The threshold question is whether the record supports timely notice of the disability to the employer. KRS 342.316(2) provides:

(2)(a) The procedure with respect to the giving of notice and determination of claims in occupational disease cases and the compensation and medical benefits payable for disability or death due to such disease shall be the same as in cases of accidental injury or death under the general provisions of this chapter except that notice of claim shall be given to the employer as soon as practicable after the employee first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur.

This section of the Workmen's Compensation Act was best interpreted in *Blue Diamond Coal Company v. Stepp*, Ky., 445 S.W.2d 866 (1969), as follows:

We are persuaded that the workman should be deemed to be disabled from silicosis, for the purpose of notice requirements, when circumstances exist from which the workman realizes or reasonably should realize that his capacity to perform his work is impaired by reason of silicosis. *Id.* at 868.

. . . *[D]isability* must exist before notice of claim for compensation for silicosis is required to be given, because that was the holding in *Helen Coal Corporation v. Chitwood*, Ky., 351 S.W.2d 167, which holding has since consistently been followed. It is not enough (as the board seemed to think in this case) that the workman simply have been advised by a doctor that he has the disease. *Id.* at 868. (Emphasis in original.)

. . . We have held that disability may be established by the claimant's own testimony. *Id.* at 869.

In *Blue Diamond Coal Company v. Blair,* Ky., 445 S.W.2d 869 (1969) the court held:

> In view of the fact that the notice requirement of KRS 342.316(2) is "notice of disability," it necessarily follows that no notice need be given until the employee has a disability from an occupational disease. Consequently, this subsection means that before such notice is required to be given by the employee to his employer the following conditions must occur: (1) The employee has a disability from an occupational disease which impairs his capacity to perform his work, and (2) the employee knows or should know by the exercise of reasonable care and diligence that he is suffering from the disease.

The claimant argues that the notice was proper because his disability was not discovered until the summer of 1975. We disagree. We believe the record clearly indicates that in late 1973 and early 1974, the claimant was sufficiently aware of his condition to file two federal claims for black lung benefits. Even though they were denied, he should have proceeded with all possible claims.

A case strikingly similar to the present case is *Yocom v. Harrison,* Ky., 517 S.W.2d 231 (1971) where the employee quit work in March, 1969, because of shortness of breath. He filed a federal black lung claim in January, 1970, but failed to file a workmen's compensation claim until February, 1971. On this evidence the court found that the claim was not timely filed despite the contention of the employee that he was not aware of having pneumoconiosis until it was diagnosed in November, 1970.

As this Court pointed out in *Harry M. Stevens Co. v. Workmen's Compensation Board,* Ky.App., 553 S.W.2d 852 (1977), the threshold question in any workmen's compensation claim is the filing of a timely claim. The failure to file a timely claim precludes recovery. While the purpose of the workmen's compensation law has always been to compensate workers who were injured during their employment, the Board cannot disregard proof in the record that notice of the claim was not promptly filed.

The judgment of the Letcher Circuit Court is affirmed.

All concur.