COAL–MAC, INC. and Jaco Mining Company, Appellants,

v.

WHEELER BLANKENSHIP; Vicki G. Newberg, Acting Director of Special Fund; Hon. Thomas Shewmaker, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 92–CA–001034–WC.

Court of Appeals of Kentucky.

Oct. 15, 1993.

**334**

Eric D. Hall, Turner, Riley & Hall, P.S.C., Prestonsburg, for appellant.

Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, for appellee, Wheeler Blankenship.

Mark Webster, Labor Cabinet, Louisville, for appellee, Special Fund.

Before HUDDLESTON, JOHNSON and STUMBO, JJ.

*OPINION*

JOHNSON, Judge.

Coal–Mac, Inc. and Jaco Mining Company appeal from an opinion of the Workers' Compensation Board (Board) which reversed a decision of the Administrative Law Judge (ALJ). The ALJ dismissed Wheeler Blankenship's claim for workers' compensation benefits for pneumoconiosis finding that Blankenship had failed to give due and timely notice under Kentucky Revised Statutes (KRS) 342.316(2)(a). The Board held that the evidence did not support this finding, reversed, and remanded for further proceedings. The only issue on appeal is whether the Board was correct in holding that the ALJ's decision was not supported by substantial evidence. We believe the Board was correct and affirm.

■ On September 23, 1986, Blankenship terminated his employment with Jaco Mining Company because he was having breathing problems. Blankenship testified at his discovery deposition that Dr. Slevin, a neurologist who was treating him while he was hospitalized for a stroke in March 1987, indicated that he may have had black lung. At the hearing before the ALJ, Blankenship testified more specifically that Dr. Slevin told him "that since [he] worked in and around the mines [and since] the breathing [trouble] that [he] was experiencing and explaining to [Dr. Slevin] wasn't due to the reason that [he] was in the hospital [a stroke]; that [he] might want to get checked by a lung specialist to see if [he] might have pneumoconiosis." The ALJ concluded that Blankenship's termination of his employment due to breathing difficulties alone was not sufficient to require the giving of notice; however, that his prior breathing difficulties coupled with his discussion with Dr. Slevin concerning a possible breathing difficulty were sufficient to apprise him of the disease and required him to give notice.

The Board reversed the ALJ on the basis of *Lowery v. Blue Diamond Coal Company,* Ky., 354 S.W.2d 499 (1962). In *Lowery,* the worker was told by one doctor that his breathing problems were *probably* caused by rock dust in his lungs. The worker then sought advice from two other doctors, one of whom advised him that he had asthma, one of whom said he had ulcers, but could continue working. Neither of these two latter doctors advised Lowery that he had silicosis. The Court of Appeals held that, under these circumstances, it was error to dismiss the worker's claim on the failure to give notice. The Court stated:

The information given by Doctor Ball cannot reasonably be held to have placed appellant on notice that he had contracted an occupational disease. While it did alert him to seek further medical opinions from physicians employed by the appellee company (who did not diagnose his condition as silicosis), it does not support the Board's finding that appellant knew he had an occupational disease upon being told that he had rock dust in his lungs.

354 S.W.2d at 500.

In this case, it is significant that Blankenship was in the hospital being treated for a stroke when Dr. Slevin indicated that he might have pneumoconiosis. Dr. Slevin did not diagnose pneumoconiosis; and the only evidence introduced concerning what Dr. Slevin told Blankenship (Blankenship's testimony on two occasions) demonstrates that Dr. Slevin was merely speculating as to Blankenship's condition and suggesting that Blankenship see a specialist.

■ KRS 342.316(2)(a) requires that the employer be given notice of an occupational disease claim "as soon as practicable after the employee first experiences a *distinct* manifestation of an occupational disease *in the form of symptoms reasonably sufficient to apprise him* that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur." (emphasis added). Blankenship was not diagnosed with pneumoconiosis until April 1989. Nor, do we believe that the evidence supports a finding that Blankenship had experienced "a distinct manifestation of [the] disease *in the form of symptoms* reasonably sufficient to apprise him that he [had] contracted [the] disease." (emphasis added).

In *Blue Diamond Coal Co. v. Stepp*, Ky., 445 S.W.2d 866, 868 (1969), our Highest Court stated "that the workman should be deemed to be disabled from silicosis for the purpose of notice requirement, when circumstances exist from which the workman realizes or reasonably should realize that his capacity to perform his work is impaired by

reason of silicosis." While Blankenship described some breathing problems while he was working and quit his employment because of breathing difficulties, at the time pneumoconiosis was mentioned to him by Dr. Slevin, Blankenship was being treated for a stroke. It is unreasonable to suggest that a person not trained in medicine under these circumstances "should realize that his capacity to perform his work is impaired by reason of silicosis," *Stepp, supra,* at 868, when a medical doctor specializing in neurology merely suggested that he "may have the disease." This would be a nonsensical interpretation of the notice requirement, and this is not the law of this Commonwealth. *See Stepp, supra,* at 868.

The discussion with Dr. Slevin was not "in the form of symptoms" and was not a diagnosis. Accordingly, when the ALJ concluded that the breathing difficulties alone were not sufficient symptoms to apprise Blankenship of the disease, it was error for the ALJ to then combine the Dr. Slevin discussion with the breathing problems to conclude that Blankenship had been sufficiently apprised. The requirements of KRS 342.316(2)(a) are separated with the disjunctive "or." That is, the claimant is required to give notice to the employer if he experiences a distinct manifestation of the disease in the form of symptoms reasonably sufficient to apprise him of that fact, *or* if such a diagnosis is communicated to him. The statute clearly requires that one *or* the other of these requirements be met. It does not provide for the combining of facts not sufficient in and of themselves to meet either part of the statute whereby the facts as combined are deemed sufficient to meet one part of the statute.

In light of the munificent, beneficent and remedial purposes of the Workers' Compensation Act, the notice provision should be construed liberally in favor of the employee. *See Lewallen v. Peabody Coal Company,* Ky., 306 S.W.2d 262 (1957); *Bartley v. Bartley,* Ky., 274 S.W.2d 48, 49 (1954). We cannot and will not read the notice requirement as broadly as appellants seek. We agree with the Board that the ALJ's finding is so

unreasonable under the evidence that it is clearly erroneous and the evidence compels a different finding. *Special Fund v. Francis,* Ky., 708 S.W.2d 641, 643 (1986). We affirm the Board and remand for further proceedings.

All concur.