Arlie Bruce COSLOW, Appellant,

v.

GENERAL ELECTRIC COMPANY; Vicki G. Newberg, Acting Director of Special Fund; Thomas A. Nanney, Administrative Law Judge; and Workers' Compensation Board, Appellees,

and

Janie Faye AMMONS, Appellant,

v.

CONCESSIONAIRE CORP, Sky Chef, and Workers' Compensation Board, Appellees.

Nos. 93–SC–375–WC, 93–SC–406–WC.

Supreme Court of Kentucky.

May 26, 1994.

Stephen T. McMurtry, McMurtry & Wolff, Covington, for appellant Ammons.

Thomas L. Ferreri, Judson F. Devlin, Ferreri & Fogle, Louisville, for appellee General Elec. Co.

Peter J. Naake, Angeline B. Golden, Labor Cabinet—Special Fund, Louisville, for appellee Newberg.

Robert C. Cetrulo, Covington, for appellee Concessionaire Corp.

Scott M. Miller, Lawrence E. Osterhage, Louisville, for appellant Coslow.

David L. Murphy, Clark, Ward & Cave, Louisville, for appellee Sky Chef.

## OPINION OF THE COURT

The Court of Appeals considered these cases together because each involves the application of the two-year statute of limitation (SOL) for filing a claim for occupational disability as the result of a work-related injury. KRS 342.185. The claimants urge this Court to adopt the discovery rule for filing claims in all injury cases. The Court of Appeals' opinion also urges this Court to adopt claimant's position.

KRS 342.185 directs when a worker must provide notice to the employer of a work-related injury, and when a claim for compensation for that injury must be filed, as follows:

> No proceeding under this chapter for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof *and unless an application for adjustment of claim for compensation with respect to such injury shall have been made with the board within two (2) years after the date of the accident,* or in case of death, within two (2) years after such death, whether or not a claim has been made by the employe himself for compensation. Such notice and such claim may be given or made by any person claiming to

be entitled to compensation or by someone in his behalf. If payments of income benefits as such have been made voluntarily the filing of an application for adjustment of claim with the board within such period shall not be required, but shall become requisite within two (2) years following the suspension of such voluntary payments or within two (2) years of the date of the accident, whichever is later. (Emphasis added.)

The two-year SOL, as stated above, runs from the date of the accident. In *Fiorella v. Clark,* Ky., 184 S.W.2d 208 (1944), the claimant insisted that the limitation period fixed by KRS 342.185 (at that time one year from the date of the accident) did not operate to bar the claim because the injury to his spine was a latent one, and its exact nature was not discovered until over one year after the accident. The Court rejected the discovery rule and held that the "word 'accident' as used in our Statute does not mean the resulting injury, but means the occurrence itself, the happening of which causes the injury. The Statute is too plain to admit of the construction contended for by [claimant]." *Id.,* 184 S.W.2d at 211. In essence then, the Court defined KRS 342.185 as a statute of repose, as well as a statute of limitation, because it could potentially bar a claim before it accrued.

A technical difference in statutes of limitation and repose was noted in *Tabler v. Wallace,* Ky., 704 S.W.2d 179 (1985). A statute of limitations limits the time in which one may bring suit after the cause of action accrues, while a statute of repose potentially bars a plaintiff's suit before the cause of action accrues. *Id.* In *McCollum v. Sisters of Charity,* Ky., 799 S.W.2d 15 (1990), this Court noted that labeling a statutory cap a statute of repose does not dispose of the matter but does establish a potential for a constitutional conflict. The claimants in this case have not raised any constitutional objections to KRS 342.185.

In *Goode v. Fleischmann Distilling Corp.,* Ky., 275 S.W.2d 903 (1955), KRS 342.-185 did operate to bar a worker's claim before he was aware of it. The Court held that

the SOL was not tolled because of a physician's mistaken diagnosis, and therefore a claim filed pursuant to a correct diagnosis, but over one year after the accident, was time-barred.

*Fiorella* and *Goode* are still in force today, and throughout the various restructuring of KRS Chapter 342, there has been no change in the "date of the accident" language. Jurisdictions that follow the discovery rule do so on the basis of language contained in their statutes of limitation requiring a worker to file a claim within a certain period of time from the "date of injury." That language has been construed to mean the resulting effects of an accident, and therefore the SOL clock does not begin to run until those effects are manifest.

The Court of Appeals adopted a similar rule in *Randall Co. v. Pendland,* Ky.App., 770 S.W.2d 687 (1989), and held that in cases where an injury is the result of several mini-traumas or cumulative trauma, i.e. *Haycraft v. Cohart Refractories Company,* Ky., 544 S.W.2d 222 (1977), the date for clocking the SOL is when the disability becomes manifest. We stress, however, that this departure from *Fiorella* and *Goode* was necessary because in cases where the injury is the result of cumulative trauma, there is no single accident from which to start the clock. Therefore, invocation of the discovery rule in *Haycraft* cases is the only way to effectuate the SOL.

In addition to the *Pendland* exception to the date of accident rule, there are two statutory provisions tolling the injury SOL. KRS 342.185 provides that the voluntary payment of income benefits by the employer will toll the SOL, and KRS 342.210 provides that no SOL will run against minors or incompetents.

The issue in this case is whether KRS 342.185 may be judicially construed so that the SOL does not start to run in any injury case, whether the injury is the result of a series of mini-traumas or one distinct traumatic event or accident, until the effects of the accident or disability become manifest.

In the first appeal, *Coslow v. G.E. Co., et al.,* Coslow injured his back on April 7, 1987, and sought medical treatment. He was returned to work without restrictions and continued his job for two years. During that time, he occasionally experienced back pain. In April, 1989, Coslow experienced sharp back pain and revisited the same physician who did not alter his previous recommendations. Finally, in June of 1989, he experienced another sharp pain. Again he reported the incident to his supervisor and went to the dispensary. This time he requested a referral to a different physician who diagnosed a herniated disc and performed back surgery on June 18, 1989. Coslow filed for workers' compensation on October 25, 1989, over two years after the first injury.

The Administrative Law Judge (ALJ) concluded that Coslow's impairment was due to the April, 1989, back injury, and therefore his claim was time-barred. KRS 342.185. The Board affirmed the ALJ.

In the second appeal, *Ammons v. Concessionaire Corp., et al.,* Ammons fell on July 10, 1986, striking her wrist. She was treated and released to return to work, but suffered continuous pain. At one point Ammons' supervisor referred her to the company physician who diagnosed tendinitis, prescribed a brace, and returned her to regular duty after three or four weeks of light duty. It was not until March of 1988 that her wrist was x-rayed and in October of that year an orthopedic surgeon performed a carpal tunnel release, and in January and May of 1989, dorsal compartment releases. She filed a workers' compensation claim in January of 1989.

The ALJ concluded that Ammons's wrist problems were directly traceable to the July, 1986, accident and rejected the theory that her condition was exacerbated by a series of mini-traumas. However, even though the ALJ concluded that this was not a *Haycraft* case and therefore a distinct date of accident could be determined, he held that the claim was timely since the disability was not manifest until March of 1988, citing *Randall Co. v. Pendland,* Ky.App., 770 S.W.2d 687 (1989). The Board reversed the ALJ because the *Pendland* discovery rule applies only to *Haycraft* wear and tear claims. Therefore, the Board found *Fiorella* controlling and concluded that the claim was time-barred.

The Court of Appeals affirmed both decisions of the Board with tremendous reluc-

tance, stating that in light of the plain language of the statute, the construction given that language in *Fiorella*, and the holding in *Goode*, it felt forced to hold the claims time-barred. The Court of Appeals also felt "constrained to point out that a more humane and realistic approach to this problem" exists and could be adopted from *Turner, Day, and Woolworth Handle Co. v. Morris*, 267 Ky. 217, 101 S.W.2d 921 (1937), wherein the Court held that an employee's obligation to give *notice* to the employer arose when it became reasonably apparent that a compensable injury had been sustained. That case involved the notice provision of KRS 342.185, which is a prerequisite to filing a claim separate and distinct from the SOL.

KRS 342.185 provides that notice of an accident shall be given the employer "as soon as practicable." Due to this ambiguous language, the Court had latitude to construe "as soon as practicable," taking into consideration KRS 342.200 which expressly excuses failure to give notice upon a showing of reasonable cause. The SOL contained in KRS 342.185 is not ambiguous and therefore courts are left little if any latitude in construing its provisions. *Overnite Transportation Company v. Gaddis*, Ky.App., 793 S.W.2d 129 (1990). KRS 342.185 simply mandates the filing of a claim within two years from the date of the accident.[1]

In contrast, the legislature enacted the discovery rule for occupational disease claims. KRS 342.316(3)(a) requires claimant to file within three years after the last injurious exposure to the occupational hazard or after the employee first experiences a distinct manifestation of an occupational disease. However, and critically, that statute also places a five-year cap on filing a claim for an occupational disease.

We are opposed to adopting claimant's position which would result in the application of the discovery rule in all injury claims with no accompanying outer time limit or statute of repose. Although an exception was created in *Pendland* adopting the discovery rule for *Haycraft* cases, as noted previously, courts have had no alternative in wear and tear cases other than to invoke the discovery rule in order to give any effect to the SOL. In single trauma cases, we believe, based upon the rules of statutory construction, that we have no alternative other than to apply the SOL as written where it can be so applied and the meaning is clear.

Our "date of accident" language was literally interpreted 50 years ago in *Fiorella*. Since that time, Chapter 342 has been closely scrutinized by the legislature. Throughout the various restructuring of the Act, including some very sweeping reforms designed to balance the interests of employers and injured workers, the "date of accident" language contained in KRS 342.185 has never been changed. We believe we must interpret legislative inaction, in this instance, as legislative acquiescence. *Inland Steel v. Hall*, Ky., 245 S.W.2d 437 (1952). Due to the fact that the legislature has left unchanged the date-of-accident provision, and because the meaning and effect of that language has been defined and is well-settled, we can only conclude that in injury claims that are the result of a single traumatic event or accident, it is the legislative intent for the SOL to run from the date of the accident. *Id.*

The Court of Appeals cited from Larson, *Workmen's Compensation Law*, § 78.41(b) to illustrate that we are in the minority on this issue.

The usual statute merely dates the period from the time of injury, disability, or accident, saying nothing about time of discovery of the nature of the condition. Yet the great majority of the courts have been sufficiently impressed with the acute un-

---

1. Although the law regarding the notice provision is of little value when considering the SOL, in analogizing the notice provision and the SOL, claimant Coslow states that the Board has begun to "gut this notice requirement when it recently stated an employer must show prejudice to prevail on a defense of failure to give timely notice. See *Dawson Springs Manufacturing v. Adock, et al.*, Claim No. 91–08349." That case was with-

drawn and modified by the Court of Appeals on December 3, 1993, in accordance with *Newberg v. Slone*, Ky., 846 S.W.2d 694 (rendered 1992). In *Slone* this Court reaffirmed that lack of prejudice to the employer is not an excuse for failure to give timely notice. *Special Fund v. Francis*, Ky., 708 S.W.2d 641 (1986); *Blue Diamond Coal Co. v. Stepp*, Ky., 445 S.W.2d 866 (1969); Larson, *Workers' Compensation Law*, 178.32(a).

fairness of a literal application of this language to read in an implied condition suspending the running of the statute until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained.

The number of jurisdictions that are still capable of destroying compensation rights for failure to file a claim at a time when its existence could not reasonably have been known has dwindled to three or four at the most—all under statutes dating the period from time of accident rather than time of injury. The use of the "accident" rather than the "injury" as the starting point for the limitations period has not been an insuperable obstacle to the judicial achievement of the more humane rule, as the number of "accident" jurisdictions accepting the rule in the text attests. (Footnotes omitted.)

However, Professor Larson comments later in the text at § 78.42(b), that the number of states enacting legislation using the "accident" language is growing.

To make the situation even stranger, this type of statute, instead of gradually disappearing as these results have come to light, has been gaining ground steadily, by contrast with the opposite trend in judicial decisions. Eight important statutes have changed over to the "accident" type of provision, sometimes, as in Maryland and Utah, with the apparently deliberate purpose of overruling a judicial decision allowing the period to run from the date of compensable disability. (Footnotes omitted.)

We have also considered Professor Larson's comments contained in § 78.42(c) entitled " 'Accident' type statutes criticized," and § 78.42(d) entitled "Judicial relief from 'accident' statutes." The latter suggests adopting the discovery rule in order to give effect to the overall legislative intent. As we have previously explained, we believe our current construction comports with legislative intent according to the general rules of statutory construction and legislative acquiescence. § 78.42(3) addresses the constitutionality of accident-type statutes, but we have not been presented any argument challenging the constitutionality of KRS 342.185.

The Court of Appeals' opinion concluded by stating that it was "cognizant of the fact that adoption of a more enlightened approach to this problem is the province of our Supreme Court." The remedy requested by the claimants and urged by the Court of Appeals lies within the province of the legislature.

The decision of the Court of Appeals is affirmed.

All concur.