**WHITAKER COAL COMPANY,**
Appellant,

v.

**George S. MELTON; Hon. Robert Whittaker, Director, Special Fund; Hon. Richard H. Campbell, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 1998–CA–002861–WC.

Court of Appeals of Kentucky.

Feb. 25, 2000.

Case Ordered Published by
Court of Appeals April 21, 2000.

Charles W. Berger, Harlan, for Appellant.

Donald Wayne Taylor, Jr., Prestonsburg, for Appellee, George Melton.

Joel D. Zakem, Louisville, for Appellee, Special Fund.

Before: BUCKINGHAM, COMBS and JOHNSON, Judge.

## OPINION

JOHNSON, Judge:

Whitaker Coal Company appeals from an opinion of the Kentucky Workers' Compensation Board rendered on November 6, 1998, which affirmed the opinion, award and order of the Administrative Law Judge, which awarded retraining incentive benefits (RIB) to George S. Melton. Since we reject Whitaker Coal's arguments (1) that it was improper for Melton's award to be made under the provisions of KRS[1] 342.732(1)(a) as it read prior to its amendment on December 12, 1996; and (2) that Melton's claim should have been barred on the grounds that he failed to give timely notice, we affirm.

Melton was employed by Whitaker Coal as a coal miner and was last injuriously exposed to coal dust on March 30, 1995. He filed a RIB claim on February 10, 1997. In an opinion, award and order dated June 15, 1998, the ALJ ruled that Melton had given timely notice and awarded Melton RIB according to the 1994 version of KRS 342.730(1)(a). Whitaker Coal appealed to the Board arguing, as it does to this Court, that the 1996 amendment to KRS 342.730(1)(a)[2] was remedial in na-

---

1. Kentucky Revised Statutes.

2. The 1996 amendment requires a RIB claimant to be enrolled in a training or education program and to have radiographic classifica- tions of Category ½ or½ and respiratory impairment to qualify for benefits. It is conceded that Melton was not enrolled in such a retraining program and did not have the re-

ture, and therefore, should have been applied retroactively to Melton's claim; and that the claim was untimely. We believe the Board's unanimous opinion by Chairman Abell contains very thorough and correct discussions of the law on the issues of retroactivity and timeliness, and thus, we adopt those portions of the Board's opinion as our own.

■ As to the applicability of the 1996 amendment, the Board affirmed the ALJ stating as follows:

On appeal, Whitaker contends that enrollment in a retraining program is a prerequisite to receiving RIB, referring us to KRS 342.732(1)(a) as amended by the 1996 Extraordinary Session of the General Assembly. The amended version clearly provides that RIB is to be paid only while "the employee is enrolled and actively and successfully participating as a full-time student taking twenty-four (24) or more instruction hours per week in a bona fide training or education program." Prior to the 1996 amendment, such benefits could be paid to a claimant, although not participating in a retraining program, if that claimant was no longer working in the mining industry in the severance or processing of coal.

Although Melton filed his claim after the effective date of the 1996 amendment, the date of his last exposure to the hazards of the disease was [March] 30, 1995. The issue, therefore, is whether the 1996 amendment can be applied retroactively to a claim that arose prior to the effective date of the amendment. KRS 446.080(3) states that: "No statute shall be construed to be retroactive, unless expressly so declared." However, the Courts have consistently held that remedial statutes do not come within the legal conception of a retrospective law or the general rule against the retrospective operation of statutes. *Peabody Coal Co. v. Gossett,* Ky., 819 S.W.2d 33 (1991).

The question, then, is whether the 1996 amendment to KRS 342.732(1)(a) is merely remedial, or is it a retrospective law. In 73 AmJur2d *Statutes* § 354 (1974), it is stated:

A retrospective law, in a legal sense, is one which takes away or impairs vested rights acquired under existing laws, or which creates a new obligation and imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.

Remedial statutes are statutes which relate to remedies or modes of procedures not creating new or taking away vested rights but only operating in furtherance of a remedy or confirmation of such rights.

In *Thornsbury v. Aero Energy,* Ky., 908 S.W.2d 109 (1995), the Kentucky Supreme Court determined that a 1994 amendment to KRS 342.732(1)(a) was remedial and could be applied retroactively to claims that arose before the effective date of the amendment. In 1994, the Legislature amended that section so that RIB could be paid directly to a claimant only so long as the claimant was no longer working in the mining industry. If the claimant continued to work in the mining industry, the benefits could only be paid directly to an institution providing approved training or education to the claimant while he was actively enrolled and participating in such a program.

In determining that the statute was remedial, the Court noted that it had previously stated in *Eastern Coal Corp. v. Blankenship,* Ky., 813 S.W.2d 808 (1991), that despite the apparent goal that RIB serve[ ][as] an incentive for retraining, it could find no indication that the Legislature intended to require their use for that purpose in that the statute in effect at the time of that decision, prior to the 1994 amendment,

quired radiographic classification nor degree of breathing impairment.

awarded such benefits whether or not the claimant sought retraining or employment outside the mining industry. In *Blankenship, supra,* the Court noted that such a scheme was incomprehensible to it and that if the Legislature truly intended to encourage workers to seek other employment, it should enact legislation that would more effectively accomplish that purpose. In *Aero, supra,* the Court determined that the Legislature clearly intended to reform the statute to live up to its name and actually provide RIB, concluding that the 1994 amendment to KRS 342.732(1)(a) was to provide a remedy that more effectively accomplished the purpose of the RIB statute.

The 1996 amendment to KRS 342.732(1)(a) does more than limit the payment of benefits to claimants only while they are actively enrolled in and participating in an approved training program. It reduces the payment period of the benefits from 208 weeks to 104 weeks and restricts the award of such benefits to claimants having radiographic classifications of Category ¼ or ½ and respiratory impairment as evidenced by spirometric test values of between 55 and 80 percent of predicted normal values. In our opinion, the 1996 amendment to KRS 342.732(1)(a), unlike the 1994 amendment, affects vested rights of claimants and cannot therefore be applied retrospectively without a specific expression by the Legislature of its intent for the provisions to be so applied.

Melton, as of the date of his last exposure, had a vested right to a RIB award of 208 weeks duration if it were found that he had a radiographic classification of Category 1/0, ¼, or ½ pneumoconiosis without evidence of breathing impairment so long as he either left the mining industry or undertook an approved training program while still working in the mining industry, either of which would have fulfilled the purpose of the RIB statute. Applying the 1996 version of the statute to his claim would have

resulted in no award in that (1) he did not have evidence of the requisite radiographic classification nor degree of breathing impairment and (2) he was not actively enrolled in an approved training program notwithstanding the fact that he had left the mining industry, thereby fulfilling one of the purposes of the RIB statute. Therefore, in our opinion, the ALJ did not err in declining to apply the 1996 version of KRS 342.732(1)(a) to Melton's claim in that it would have impaired his vested rights to the benefits to which he was entitled on the date of his last exposure.

As to the second issue raised by Whitaker Coal concerning whether Melton failed to give timely notice of his claim, the Board affirmed and stated as follows:

Whitaker next contends the ALJ erred in determining Melton gave adequate notice. It contends the ALJ's reliance on *Coal–Mac Inc. v. Wheeler Blankenship,* Ky.App., 863 S.W.2d 333 (1993), is misplaced in that more on point is the Kentucky Supreme Court opinion in *Newberg v. Slone,* Ky., 846 S.W.2d 694 (1992). As noted above, Melton, although acknowledging having experienced shortness of breath over a number of years which he suspected was related to his work, was not diagnosed with the disease until November 1996, two weeks prior to Whitaker's having been given notice of that fact. In our opinion, the Court of Appeals' decision in *Coal–Mac, Inc., supra,* was properly relied upon by the ALJ in determining that Melton gave due and timely notice in this claim.

In *Coal–Mac, Inc., supra,* the claimant had terminated his employment in 1986 because he was having breathing problems. He was subsequently told by a physician treating him for a stroke that he may have black lung. The ALJ dismissed the claim after concluding that the termination of claimant's employment due to breathing difficulties alone

was not sufficient to require the giving of notice but that the breathing difficulties coupled with his discussion with a physician that he might have pneumoconiosis was sufficient to apprise him of the disease requiring him to give notice. The Court of Appeals, in affirming the Board's reversal of that dismissal, noted that KRS 342.316(2)(a) required that an employer be given notice of an occupational disease claim as soon as practicable after the employee first experiences a distinct manifestation of the disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease or the diagnosis of the disease is first communicated to him, whichever first occurs. The Court noted that it did not believe the evidence supported a finding that the claimant had experienced such a distinct manifestation of the disease, referring to *Blue Diamond Coal Co. v. Stepp*, Ky., 445 S.W.2d 866 (1969), where the Supreme Court stated that:

> [T]he work[er] should be deemed to be disabled from silicosis, for the purpose of notice requirements, when circumstances exist from which the workman realizes or reasonably should realize that his capacity to perform his work is impaired by reason of silicosis.

*Id.* at 868.

In Melton's testimony, there is no indication that he knew or should have known that his capacity to perform work was impaired by his breathing impairment. In *Newberg v. Slone, supra*, the claimant was diagnosed with the disease on October 9, 1996 with the physician making the diagnosis concluding that the claimant was permanently disabled from working in the mining industry. Some six months after that diagnosis, the claimant notified his employer that he had been advised that he was suffering from an occupational disease. The Supreme Court, in reversing the Court of Appeals and reinstating the ALJ's dismissal of the claim, based that reversal on its determination that the burden was on the claimant to provide evidence justifying the delay in giving notice and that he had failed to do so.

In *Slone, supra*, the notice was not given until six months after the diagnosis. In the instant claim, notice was given within two weeks of the diagnosis, and contrary to Whitaker's assertion, there is not evidence that would compel a finding that Melton had experienced a distinct manifestation of the disease in the form of symptoms reasonably sufficient to apprise him that he had the disease.

It is well-established that notice is an issue of fact for determination by the fact-finder; that a factual finding cannot be disturbed on appeal if there is any substantial evidence to support it; and that when more than one reasonable inference can be drawn from the evidence, it is for the fact-finder to decide.[3] The finding by the ALJ that timely notice had been given was supported by substantial evidence consisting of Melton not having learned of the diagnosis of an occupationally related pulmonary disease until November 1996.

Accordingly, the decision of the Board is affirmed.

All concur.

---

**3.** *Jackson v. General Refractories Co.*, Ky., 581 S.W.2d 10 (1979).