**RANDALL COMPANY/RANDALL DIVISION OF TEXTRON, INC., and Aetna Life & Casualty/Aetna Casualty & Surety Company, Appellants,**

v.

**Eunice PENDLAND; Carol M. Palmore, Secretary of Labor (Special Fund); and Workers' Compensation Board, Appellees.**

No. 88–CA–432–S.

Court of Appeals of Kentucky.

Nov. 11, 1988.

Withdrawn and Reissued April 21, 1989.

Discretionary Review Denied
by Supreme Court
June 21, 1989.

Max D. Picklesimer, Martin, Picklesimer, Curtis & Justice, Ashland, for appellants.

Patrick E. Price, Suit, McCartney & Price, Flemingsburg, for Eunice Pendland.

Cyril E. Shadowen, Cathy Utley Costelle, Labor Cabinet, Louisville, for Special Fund.

Before HOWERTON, C.J., and McDONALD and WILHOIT [1], JJ.

1. Judge Wilhoit is sitting in replacement for Judge Dan Jack Combs, who authored the original opinion.

HOWERTON, Chief Judge.

The Randall Company appeals from a judgment of the Fleming Circuit Court upholding an award of the Workers' Compensation Board in favor of the claimant, Eunice Pendland. The company and the Special Fund argue that the claim is barred by the limitations found in KRS 342.185 and 342.270. The statutes impose a two-year time limit for filing a claim following the date of the work-related injury. The claim was filed January 7, 1985, and the board found that the injury occurred January 14, 1983. We agree and affirm.

Pendland worked for Randall Company for 26 years. She operated a punch press machine which required her to stretch her thumbs and fingers over the machine in order to complete each operation. She performed this maneuver approximately 2,000 times each work day.

Pendland testified that she began experiencing pain in her hand six months before she finally quit work on January 14, 1983. She had an operation on her hand in order to relieve the pain and returned to work for a short time, but had to quit again in September of 1984. She has not worked since that time.

The medical evidence indicates that Pendland had degenerative arthritis. She experienced symptoms of pain at the base of both thumbs for several years, and this pain gradually worsened. Her pain progressed to the point where she could no longer work on January 14, 1983. The medical evidence is inconclusive as to whether the work caused the arthritis, but it clearly indicated that the work aggravated the disease and increased the actual wear in her thumb joints.

The board awarded Pendland a 30 percent occupational disability, apportioning 15 percent to the employer and 15 percent to the Special Fund. The Fleming Circuit Court affirmed the board's award, and this appeal followed.

KRS 342.185 requires that notice be given of any accidental work-related injury by the employee to the employer as soon as practicable after the event. There is no issue of timely notice in this case. The statute also requires that an application for adjustment of any claim for compensation be made within two years after the date of the accidental injury. KRS 342.270(1) likewise requires that an application be filed within two years after a work-related accident or within two years after the cessation of voluntary payments, if any have been made.

This case was practiced as a wear-and-tear type injury or as an injury resulting from a long series of mini-traumas, rather than as an occupational disease. As such, there was no one accidental injury, such as breaking a leg, to clearly start the clock running for the statute of limitations. Although Pendland began experiencing significant pain possibly six months prior to quitting work on January 14, 1983, there was no definite disability as a result of her mini-traumas until that date. If we held that in an injury case of this type the claim had to be made within two years of the initial trauma, we might be considering the first time she performed her thumb maneuver 26 years ago, or it might be the first time she aggravated her degenerative arthritis, but in neither case would we know that a compensable injury had occurred. We therefore conclude that in cases where the injury is the result of many mini-traumas, the date for giving notice and the date for clocking a statute of limitations begins when the disabling reality of the injuries becomes manifest. While a date earlier than the last work day may be proven to be applicable in some situations, such as by a period of temporary or partial disability caused by the series of mini-traumas, such is not the situation in this case. We find no clear error in the board's finding of a timely filing.

The appellants argue that the claim is barred by the decision of this court in

*Pittsburgh & Midway Coal Mining Co. v. Chappel,* Ky.App., 714 S.W.2d 485 (1986). We disagree. That case made no specific holding as to the running of time under the statute of limitations. The case simply held that any injury case requires that the employee give the employer timely notice. Timely notice is not an issue in this appeal.

All concur.