MANALAPAN MINING COMPANY, INC., Appellant,

v.

Kyle D. LUNSFORD; Honorable Howard E. Frasier, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.

and

Kyle D. LUNSFORD, Cross–Appellant,

v.

MANALAPAN MINING COMPANY, INC.; Honorable Howard E. Frasier, Jr., Administrative Law Judge; and Workers' Compensation Board, Cross–Appellees.

No. 2005–SC–0626–WC, 2005–SC–0628–WC.

Supreme Court of Kentucky.

Aug. 24, 2006.

As Corrected Oct. 18 and Nov. 6, 2006.

Rehearing Denied Nov. 22, 2006.

W. Barry Lewis, Lewis and Lewis Law Offices, Hazard, Counsel for Appellant/Cross–Appellee.

Sidney B. Douglas, Harlan, Counsel for Appellee/Cross–Appellant, Kyle D. Lunsford.

## OPINION OF THE COURT

At issue in this appeal is the application of KRS 342.185 to a hearing loss claim that was filed more than two years after the hazardous noise exposure ceased. An Administrative Law Judge (ALJ) determined that a rule of discovery applied and that the claim was timely because the worker filed it within two years after a physician informed him that his condition was work-related. The Workers' Compensation

Board (Board) construed KRS 342.185 as barring a claim filed more than two years after the date of last exposure and reversed. Convinced that KRS 342.185 does not operate as a statute of repose in gradual injury claims and that a rule of discovery applies, the Court of Appeals reversed and reinstated the award. We disagree and reverse.

The claimant testified that he was exposed to hazardous noise for 37 years while working in underground and surface mines without hearing protection. He quit working on February 18, 2001, due to breathing and back problems and consulted an attorney about filing a pneumoconiosis claim. He stated that he did not pay much attention to any hearing problem until then and that it had never interfered with his work. Dr. Guindi was the first physician to test his hearing and inform him that his hearing loss was caused by his work.

The claimant underwent an audiological exam on December 30, 2003. On January 5, 2004, Dr. Guindi reported a 26% AMA impairment due to noise-induced hearing loss. The claimant's attorney informed his employer of the injury on January 14, 2004, and filed an application for benefits on January 15, 2004. Among the contested issues was whether the claim was barred by the statute of limitations found in KRS 342.185 because the claimant filed it more than two years after his last exposure to hazardous noise.

The ALJ determined that the claimant's application was timely. Noting that the Board and the courts had adopted a rule of discovery in hearing loss claims, the ALJ relied on a decision in which the Board found timely a claim that was filed within two years after a physician informed the worker that his hearing loss was work-related and within one year after his last exposure to occupational noise. Although noting that the individual continued to

work for several months after learning the cause of his condition, the ALJ was not convinced that fact was significant.

Chapter 342 imposes periods of limitations and repose for occupational diseases and injuries. KRS 342.316(4)(a) permits an occupational disease claim to be filed within three years of the last injurious exposure or knowledge of the work-related condition; however, a claim may not be filed more than five years after the last exposure to an occupational hazard other than radiation or asbestos or more than 20 years after the last exposure to radiation or asbestos.

Consistent with the mechanism by which repetitive exposure to hazardous noise destroys the membranes of the inner ear, KRS 342.7305(4) characterizes hearing loss caused by such exposure as being an "injury." *See Caldwell Tanks v. Roark*, 104 S.W.3d 753 (Ky.2003). It places exclusive liability on the employer with whom the worker was last injuriously exposed to hazardous noise. The statute of limitations for occupational injuries is found in KRS 342.185(1), which provides as follows:

(1) Except as provided in subsection (2) of this section, no proceeding under this chapter for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof and unless an application for adjustment of claim for compensation with respect to the injury shall have been made with the office within two (2) years after the date of the accident, or in case of death, within two (2) years after the death, whether or not a claim has been made by the employee himself for compensation. The notice and the claim may be given or made by any person claiming to be entitled to compensation or by someone in his behalf. If payments of in-

come benefits have been made, the filing of an application for adjustment of claim with the office within the period shall not be required, but shall become requisite within two (2) years following the suspension of payments or within two (2) years of the date of the accident, whichever is later.

Subsection (2) provides a five-year period of limitations for a claim due to human immunodeficiency virus exposure. Unlike KRS 342.316, KRS 342.185 contains no explicit period of repose.

Recognition that a traumatic injury could occur gradually from the wear and tear of work began with *Haycraft v. Corhart Refractories Co.,* 544 S.W.2d 222 (Ky. 1976). The courts first considered the application of KRS 342.185 to a gradual injury claim in *Randall v. Pendland,* 770 S.W.2d 687 (Ky.App.1988). Ms. Pendland operated a machine that required repetitive hand and finger motions. She quit working on January 14, 1983, after experiencing pain in her hands for about six months, and filed a claim on January 7, 1985, that alleged a wear-and-tear injury. The medical evidence indicated, in the least, that her work aggravated an arthritic condition and increased the wear on her thumb joints. The employer asserted that the claim should have been dismissed as untimely, but the court noted that Ms. Pendland sustained thousands of mini traumas rather than one accidental injury from which to commence the statute of limitations. It determined, therefore, that the date for giving notice and for clocking the statute of limitations began when the disabling reality of the injury became manifest. The fact-finder determined that occurred on January 14, 1983. Convinced that the evidence did not compel an earlier date, the court affirmed.

In *Coslow v. General Electric Co.,* 877 S.W.2d 611, 614–15 (Ky.1994), the worker sustained a latent injury due to a single traumatic event and asked the court to adopt a discovery rule for commencing the period of limitations. The court noted, however, that KRS 342.185 runs the period of limitations from the date of the accident. Rejecting the notion that an injury claim could be filed indefinitely if within two years after discovery, the court determined that the two-year period found in KRS 342.185 operates as both a period of limitations and a period of repose for injuries due to a single trauma. The court acknowledged that a latent injury might not be discovered until after the period expired. It also acknowledged that *Randall v. Pendland, supra,* adopted a discovery rule in a gradual injury case but noted that there was no alternative to such a rule if the statute of limitations were to be given any effect.

*Alcan Foil Products v. Huff,* 2 S.W.3d 96 (Ky.1999), involved claims by three individuals who alleged a gradual hearing loss due to years of workplace noise exposure. They filed their claims in September, 1995, and continued to work at that time. It was found later that each knew his hearing loss was work-related more than two years before September, 1995, and that no appreciable worsening occurred after September, 1993. The employer asserted that the claims were barred by the date of accident language found in KRS 342.185, arguing that if the period of limitations for a gradual injury did not run until the manifestation of disability, a claim for medical benefits would be premature until the worker became occupationally disabled. The court noted that KRS 342.185 runs the period of limitations for two years from the date of the accident that causes an injury; therefore, gradual injury claims were problematic. Yet, the legislature had created no special rules such as those for occupational disease. After reviewing *Randall v. Pendland, supra,* the *Alcan* court determined that the term "manifestation of disability" actually referred to the

onset of symptoms causing the worker to discover a gradual injury. *Id.*, 2 S.W.3d at 101. Noting that the workers knew they had a work-related hearing loss more than two years before filing their claims and suffered no additional loss in the final two years, the court determined that KRS 342.185 barred their entire claims.

Shortly thereafter, in *Special Fund v. Clark*, 998 S.W.2d 487, 490 (Ky.1999), the court explained that if an individual continues to work after discovering the existence of a work-related gradual injury, KRS 342.185 bars compensation for disability attributable to trauma incurred more than two years before a claim is filed. Mr. Clark worked until July 27, 1994, and filed a claim on July 3, 1995. Although he experienced disabling symptoms by 1987 and underwent surgery, it was unclear when he learned that work helped to cause his knee condition; therefore, the court remanded for a finding on the matter. Noting that Clark continued to experience mini traumas until he quit working on July 27, 1994, and that his disability increased after 1987, the court also pointed out that any disability due to trauma incurred within two years before he filed a claim was compensable.

In *Hill v. Sextet Mining Corp.*, 65 S.W.3d 503 (Ky.2001), the court determined that a worker was not required to self-diagnose the cause of symptoms as being a gradual, work-related injury as opposed to a single traumatic event. Therefore, Mr. Hill was not required to give notice of a work-related gradual injury until he was informed by a physician that he had sustained such an injury.

■ Like *Alcan, supra, Caldwell Tanks v. Roark, supra,* involved a hearing loss claim. By October 31, 1995, Mr. Roark knew his condition was work-related and reported it to his employer. He testified that he needed hearing aids and that his noise exposure was so intense during the final 1½ years of the employment that his ears bled even though he used earplugs. He filed a claim on October 7, 2000, and quit working on January 10, 2001. Noting that KRS 342.0011(1) did not require AMA impairment to support a finding of "injury," the court determined that if a harmful change resulted from trauma incurred within two years before October 7, 2000, Mr. Roark sustained an injury and was eligible for reasonable and necessary medical treatment. Relying on *Special Fund v. Clark, supra,* and noting that Roark's AMA hearing impairment increased from 21% to 30% between November, 1998, and December, 2000, the court remanded to the ALJ for an award of income and medical benefits.

Not only these decisions but all others regarding the application of KRS 342.185 to gradual injury claims have concerned questions of notice and/or limitations. None concerned a claim filed more than two years after the last traumatic event. It is undisputed that KRS 342.185(1) imposes a two-year period of limitations that begins when a worker has knowledge of a gradual injury and its cause. At issue in the present case is whether it also imposes a two-year period of repose.

*Coslow, supra,* concerned both limitations and repose in a claim for a latent injury due to a single traumatic event. Although acknowledging that *Randall v. Pendland, supra,* adopted a rule of discovery regarding notice and limitations for gradual injuries, the *Coslow* court properly limited its holding that KRS 342.185 imposed a two-year period of repose to single trauma claims. Nonetheless, the underlying policy against adopting a rule of discovery with no accompanying statute of repose applies equally to gradual injuries, particularly in light of KRS 342.316(4)(a). As with occupational diseases, symptoms that apprise a worker of a gradual injury often do not arise until long after the

traumatic events that helped to cause the condition occurred. Yet, occupational disease claims are subject to a period of repose, after which a claim expires regardless of whether the disease has been discovered. We conclude, therefore that the two-year period in KRS 342.185(1) operates as both a period of limitations and repose for gradual injuries and acknowledge that such a claim may expire before the worker is aware of the injury.

In the present case, the last exposure to occupational noise occurred on February 18, 2001; therefore, KRS 342.185(1) gave the claimant until February 18, 2003, to discover his injury and file a timely claim. The claimant did not learn the cause of his condition until shortly before informing his employer and filing a claim in January, 2004. At that point, his claim had expired and should have been dismissed.

The decision of the Court of Appeals is reversed.

McANULTY, MINTON, ROACH, and WINTERSHEIMER, JJ., concur.

SCOTT, J., dissents by separate opinion in which LAMBERT, C.J., and GRAVES, J., join.

SCOTT, Justice, dissenting.

In *Alcan Foil Products v. Huff*, 2 S.W.3d 96 (Ky.1999), and subsequent cases, this court has viewed a hearing loss due to hazardous noise exposure to be a gradual injury for which a rule of discovery triggers the notice and limitations requirements. KRS 342.185 contains a two-year statute of limitations for an injury but makes no reference whatsoever to a two-year period of repose. Nonetheless, the majority has determined that Kyle Lunsford's hearing loss claim must be dismissed because it was filed more than two years after his last exposure to hazardous noise. I dissent.

Lunsford received 37 years' exposure to hazardous noise while working in the mining industry. His last exposure occurred on February 18, 2001. He testified that Dr. Guindi was the first physician to test his hearing. On or about January 5, 2004, Dr. Guindi informed Lunsford that audiological tests revealed a noise-induced hearing loss that was due to his work and assigned a 26% AMA impairment. This is the first time he had received information that his hearing loss was work related. Lunsford's attorney then informed his employer on January 14, 2004, and filed an application for benefits on January 15, 2004. The employer asserted that the claim was barred by the statute of limitations found in KRS 342.185 because Lunsford filed it more than two years after his exposure ceased.

KRS 342.7305(4) considers a hearing loss due to noise exposure to be an "injury." *See Caldwell Tanks v. Roark*, 104 S.W.3d 753 (Ky.2003). KRS 342.185(1) contains the statute of limitations for injuries. It states as follows:

(1) Except as provided in subsection (2) of this section, no proceeding under this chapter for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof and unless an application for adjustment of claim for compensation with respect to the injury shall have been made with the department within two (2) years after the date of the accident, or in case of death, within two (2) years after the death, whether or not a claim has been made by the employee himself for compensation. The notice and the claim may be given or made by any person claiming to be entitled to compensation or by someone in his behalf. If payments of income benefits have been

made, the filing of an application for adjustment of claim with the department within the period shall not be required, but shall become requisite within two (2) years following the suspension of payments or within two (2) years of the date of the accident, whichever is later.

In *Alcan Foil Products v. Huff, supra,* this court reaffirmed the principle of *Randall v. Pendland,* 770 S.W.2d 687 (Ky. App.1988), that a rule of discovery triggers the notice and limitations requirements in gradual injury claims. Moreover, in *Hill v. Sextet Mining Corp.,* 65 S.W.3d 503 (Ky.2001); *Brown–Forman Corp. v. Upchurch,* 127 S.W.3d 615 (Ky.2004); and *American Printing House for the Blind v. Brown,* 142 S.W.3d 145 (Ky.2004), it reaffirmed that principle and also determined that a worker is not required to self-diagnose the cause of a disabling condition. When determining in *Coslow v. General Electric Co.,* 877 S.W.2d 611, 614–15 (Ky. 1994), that the two-year period found in KRS 342.185 operates as a statute of repose as well as a statute of limitations, the court explicitly limited its holding to injuries that resulted from a single traumatic event.

Although KRS 342.316(4)(a) contains a period of repose for occupational diseases, KRS 342.185 clearly does not. Gradual injuries result from multiple traumatic incidents; therefore *Coslow v. General Electric Co., supra,* is inapplicable. For this court to read a period of repose into KRS 342.185 with regard to gradual injuries is unwarranted and contrary to the rule of discovery. Therefore, the Court of Appeals' decision should be affirmed.

LAMBERT, C.J., and GRAVES, J., join this dissent.