**QUEBECOR BOOK COMPANY,**
Appellant,

v.

**Lou MIKLETICH; Honorable Richard M. Joiner, Administrative Law Judge; and Workers' Compensation Board,** Appellees.

**No. 2010–SC–000122–WC.**

Supreme Court of Kentucky.

Sept. 23, 2010.

Jo Alice Van Nagell, Patrick Joseph Murphy, II, Casey, Bailey & Maines,

PLLC, Lexington, KY, for Appellant, Quebecor Book Company.

Paul Guthrie, Lexington, KY, for Appellee, Lou Mikletich.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) awarded income benefits based on the claimant's entire impairment from work-related hearing loss, having refused to exclude a portion of the impairment as being barred by the statute of limitations. The Workers' Compensation Board affirmed, and the Court of Appeals affirmed the Board. This appeal by the employer followed.

The employer asserts that KRS 342.185 and KRS 342.270 bar compensation for impairment resulting from hazardous noise exposure that occurred before May 28, 2006 (*i.e.*, more than two years before the claimant filed his application for benefits) because he had been informed previously that his hearing loss was work-related. Moreover, they bar compensation for such impairment regardless of whether it was adequate as of May 28, 2006 to authorize income benefits under KRS 342.7305(2). We disagree.

The claimant sustained an injury that produced a 6% impairment rating as of May 26, 2006 and knew that it was work-related but continued to be exposed to workplace hazardous noise when he filed his claim. He had no claim based on trauma incurred when the 6% impairment was assigned. Unlike KRS 342.730(1), KRS 342.7305(2) imposes an 8% threshold for awarding income benefits, and no medical evidence indicates that his injury warranted treatment at that time. Disability resulting from the 6% impairment that was inadequate to be compensable as of two years before he filed his claim need not be excluded when calculating his award of income benefits.

The claimant had no hearing impairment when he began working in the defendant-employer's printing plant in 1988. Recognizing the potential that employees would be exposed to hazardous noise in the workplace, the employer implemented a formal hearing conservation program that included annual hearing tests. Records of the claimant's participation in the program indicated that he reported a ringing sensation in his ears in 1995 and that subsequent annual tests revealed a pattern of increasing high-frequency hearing loss.

The employer arranged to have the claimant examined on December 4, 1998 by Dr. Green, an audiologist, who reported a moderate, high-frequency, noise-induced hearing loss due to years of exposure to hazardous noise. Dr. Green informed the claimant of his hearing loss; informed him that it was work-related; and advised him to use hearing protection while at work.

The claimant met with his employer's human resources supervisor on March 3, 2008 to discuss his hearing loss and completed an injury report. Dr. Jones confirmed the presence of a noise-induced hearing loss on March 26, 2008 and recommended hearing aids. He testified subsequently that the claimant's hearing loss warranted a 23% permanent impairment rating as of March 2008 and would have warranted a 1% impairment rating when measured by Dr. Green in December 1998. The claimant filed an application for benefits on May 28, 2008.

Dr. Windmill evaluated the claimant in June 2008. He indicated that the annual audiometric test performed on May 26, 2006 revealed a hearing loss that warranted a 6% impairment rating. He assigned a 23% impairment rating as of May 2008 based on a high-frequency hearing loss that was consistent with noise exposure. Subsequent evidence indicated that the im-

pairment rating had increased to 24% when the claim was heard.

The employer argued to the ALJ that KRS 342.185 and KRS 342.270 barred compensation for the 6% impairment attributable to trauma the claimant incurred more than two years before filing his claim. Rejecting the argument, the ALJ reasoned that KRS 342.7305(2) would have prohibited an award from being based on the 6% impairment rating existing before May 28, 2006 and, thus, that the 6% rating need not be excluded from the claimant's award. We agree.

KRS 342.730(1)(b) bases the amount of income benefits awarded for permanent partial disability on the injured worker's disability rating, which is the product of the permanent impairment rating produced by the injury and the corresponding statutory factor. It permits income benefits to be awarded based on the extent to which a permanent impairment rating exceeds 0%.

The legislature enacted KRS 342.7305 in 1996 specifically to address claims for hearing loss due to single accident trauma or repetitive exposure to hazardous noise. KRS 342.7305 provides as follows:

(1) In all claims for occupational hearing loss caused by either a single incident of trauma or by repetitive exposure to hazardous noise over an extended period of employment, the extent of binaural hearing impairment shall be determined under the latest available edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

(2) *Income benefits payable for occupational hearing loss shall be as provided in KRS 342.730, except income benefits shall not be payable where the binaural* *hearing impairment converted to impairment of the whole person results in impairment of less than eight percent (8%).* No impairment percentage for tinnitus shall be considered in determining impairment to the whole person, (emphasis added).

(3) The commissioner shall provide by administrative regulation for prompt referral of hearing loss claims for evaluation, for all medical reimbursement, and for prompt authorization of hearing enhancement devices.

(4) When audiograms and other testing reveal a pattern of hearing loss compatible with that caused by hazardous noise exposure and the employee demonstrates repetitive exposure to hazardous noise in the workplace, there shall be a rebuttable presumption that the hearing impairment is an injury covered by this chapter, and the employer with whom the employee was last injuriously exposed to hazardous noise shall be exclusively liable for benefits.

The ALJ, the Board, and the Court of Appeals based their decisions on the fact that KRS 342.7305(2), unlike KRS 342.730(1), requires at least an 8% impairment rating in order for income benefits to be awarded. They concluded that no claim existed in this case as of May 28, 2006 because the claimant's impairment rating was only 6% at the time.

Noise-induced hearing loss is a form of cumulative trauma injury as defined by KRS 342.0011(1).[1] Absent a statute of limitations directed specifically at cumulative trauma claims, the court determined in *Alcan Foil Products v. Huff*[2] that KRS 342.185(1) applies to such claims and that the "date of . . . accident" to which the

---

1. *See Caldwell Tanks v. Roark,* 104 S.W.3d 753 (Ky.2003).

2. 2 S.W.3d 96 (Ky.1999).

statute refers is the date that the injury becomes manifest. The court determined subsequently in *Hill v. Sextet Mining Corp.*[3] that the notice requirement arises and the two-year limitations period begins to run when a physician informs the worker of the injury and its cause. Although *Special Fund v. Clark*[4] explains that KRS 342.185(1) bars compensation for impairment due to trauma incurred more than two years before a claim is filed if an individual continues to incur cumulative trauma after being informed of the injury and its cause, *Clark* does not involve a hearing loss claim or the implications of KRS 342.7305(2)'s threshold requirement.

The employer asserts that the claimant's failure to file an application for benefits within two years after May 26, 2006 bars compensation for the 6% impairment that existed at that time. The employer reasons that the claimant knew of his hearing loss and knew that it was work-related in 1998, which triggered the notice and limitations requirements. The employer also argues that he had a claim for medical benefits more than two years before filing his claim regardless of whether his impairment and resulting disability were great enough to warrant income benefits.[5] We disagree and are not convinced that a 6% impairment must be excluded as being time-barred on these facts.

The claimant sustained an injury due to hearing loss that produced a 6% impairment as of May 26, 2006 but failed to rise to the level of compensability under KRS 342.7305(2).[6] He continued to be exposed to hazardous noise thereafter[7] and had sustained a compensable impairment when he filed his claim on May 28, 2008. Although KRS 342.730(1) authorizes income benefits based on the extent to which a permanent impairment rating exceeds 0%, KRS 342.7305(2) imposes an 8% threshold. We conclude under the circumstances that disability resulting from the 6% impairment due to the work-related injury that existed but was inadequate to be compensable as of May 28, 2006 (*i.e.*, as of two years before he filed the claim) need not be excluded when calculating his award of income benefits.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

---

**3.** 65 S.W.3d 503 (Ky.2001).

**4.** 998 S.W.2d 487 (Ky.1999).

**5.** *FEI Installation, Inc. v. Williams*, 214 S.W.3d 313, 318–19 (Ky.2007) (a worker's entitlement to medical benefits requires proof that a work-related injury causes impairment without regard of whether the impairment warrants a permanent impairment rating, disability rating, or income benefits).

**6.** Contrary to the employer's assertion, he had no claim for medical benefits based on trauma incurred on or before May 26, 2006 because no medical evidence indicated that his injury required treatment at that point.

**7.** This fact distinguishes the present case from *Manalapan Mining Company, Inc. v. Lunsford*, 204 S.W.3d 601 (Ky.2006), in which the worker sought compensation more than two years after his workplace hazardous noise exposure ceased.