RENDERED: SEPTEMBER 24, 2015
TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2014-SC-000305-WC

DATE 2-18-16 EliA Groom PC

CONSOL OF KENTUCKY, INC. APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.       CASE NOS. 2013-CA-000281-WC AND 2013-CA-000389-WC
WORKERS' COMPENSATION BOARD NO. 12-WC-00062

OSIE DANIEL GOODGAME, JR.;
HONORABLE JEANIE OWEN MILLER,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD APPELLEES

AND                    2014-SC-000333-WC

OSIE DANIEL GOODGAME, JR. APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.       CASE NOS. 2013-CA-000281-WC AND 2013-CA-000389-WC
WORKERS' COMPENSATION BOARD NO. 12-WC-00062

CONSOL OF KENTUCKY, INC.;
HONORABLE JEANIE OWEN MILLER,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD APPELLEES

**OPINION OF THE COURT BY JUSTICE KELLER**

**<u>AFFIRMING</u>**

Osie Goodgame, Jr. (Goodgame), who worked for Consol of Kentucky,

Inc. (Consol) in both Kentucky and Virginia, alleged that he suffered

cumulative trauma injuries to his extremities and spine while employed by Consol. The ALJ dismissed Goodgame's claim finding that he had not filed it within the applicable statute of limitations. The ALJ also found that Kentucky could not exercise extraterritorial jurisdiction over any injuries that Goodgame suffered while he was employed in Virginia. The Workers' Compensation Board (the Board) affirmed the ALJ's finding regarding jurisdiction. However, it vacated the ALJ's finding regarding the statute of limitations and remanded with instructions for the ALJ to find when Goodgame's injury became manifest. The Court of Appeals affirmed. Consol appeals, arguing that Goodgame's claim is time barred regardless of the date of manifestation, and Goodgame cross-appeals arguing that Kentucky has extraterritorial jurisdiction over his claim. For the following albeit somewhat different reasons, we affirm the Court of Appeals.

## I. BACKGROUND.

Goodgame, a Kentucky resident, began working for Consol as a coal miner in 1992 and worked for Consol in Kentucky until July 31, 2009, when Consol stopped operations at the mine where he worked. Pursuant to an offer from Consol, Goodgame began working at one of its mines in Virginia on or about August 1, 2009. On January 19, 2010, Goodgame resigned and took early retirement from Consol.

Goodgame filed an Application for Resolution of Injury Claim on January 17, 2012. In his claim form, Goodgame alleged that he suffered injuries to his "upper and lower extremities, and to [his] entire spine" as a result of the

cumulative trauma he suffered performing work as an underground coal miner. Consol filed a Notice of Claim Denial and motion to dismiss, arguing that Goodgame's claim was time barred because he had not filed it within two years of the date he last worked in Kentucky. The ALJ overruled Consol's motion. Consol filed an appeal, which the Board dismissed as being from a non-final order. The parties then filed their proof, and the ALJ held a hearing.

Following the hearing, the ALJ dismissed Goodgame's claim, finding that, at the latest, Goodgame's two-year statute of limitations began to run on August 1, 2009, two years after he last worked in Kentucky. Furthermore, the ALJ found that Goodgame had not suffered any injury in Virginia and that Kentucky had no jurisdiction over any injury Goodgame may have suffered in Virginia. The Board reversed and vacated, holding that the ALJ had not conducted the proper analysis in determining Goodgame's date of injury for statute of limitations purposes. However, the Board affirmed the ALJ's decision regarding extraterritorial jurisdiction. A divided Court of Appeals panel, citing heavily to the Board's opinion, affirmed. We set forth additional facts as necessary below.

## II. STANDARD OF REVIEW.

The ALJ has the sole discretion to determine the quality, character, and substance of the evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). However, when there are mixed questions of fact and law, we have greater latitude in determining if the underlying decision is supported by probative evidence. *Purchase Transportation Services v. Estate of Wilson*, 39

3

S.W.3d 816, 817-18 (Ky. 2001). Furthermore, if the issue presented is one of statutory interpretation, our review is *de novo*. *Saint Joseph Hosp. v. Frye*, 415 S.W.3d 631, 632 (Ky. 2013). With these standards in mind, we review the issues raised on appeal by Goodgame and Consol.

## III. ANALYSIS.

### A. Statute of Limitations.

Consol argues that the ALJ correctly applied the statute of limitations to dismiss Goodgame's claim and that remand for additional fact finding is not necessary. We disagree.

Kentucky Revised Statutes (KRS) 342.185(1) provides in pertinent part that:

> [N]o proceeding under this chapter for compensation for an injury . . . shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof and unless an application for adjustment of claim for compensation with respect to the injury shall have been made with the department within two (2) years after the date of the accident . . . .

As the Court noted in *Coslow v. General Electric Co.*, 877 S.W.2d 611 (Ky. 1994), there are two ways to trigger the running of the statute of limitations in Kentucky workers' compensation claims. One is the discovery method, which applies, in part, to occupational disease claims. KRS 342.316(4)(a) "requires [a] claimant to file within three years after the last injurious exposure to the occupational hazard or after the employee first experiences a distinct manifestation of an occupational disease," whichever is later.

4

The other way to trigger the statute of limitations is the "date of accident" method, which applies to injury claims. KRS 342.185(1) requires a claimant to file an application for adjustment of injury claim within two years of the "accident." Notably, KRS 342.185(1) does not contain the "last injurious exposure" language in KRS 342.316(4)(a), which makes sense when the injury is the result of one traumatic event or accident, *e.g.* a broken leg as a result of a fall. The difficulty arises with cumulative trauma injuries, which have similarities to both single-traumatic-event injuries and occupational diseases. Like single-traumatic-event injuries, cumulative trauma injuries are the result of trauma and, like occupational diseases, they develop over time.

The Court first recognized the compensability of injuries that resulted from cumulative trauma or gradual wear and tear in 1976.[1] *Haycraft v. Corhart Refractories Co.,* 544 S.W.2d 222 (Ky. 1976). The first attempt to determine how to apply KRS 342.185 to such injuries occurred in 1988. *Randall v. Pendland,* 770 S.W.2d 687 (Ky. App. 1988). The Court of Appeals noted in *Pendland* that the plaintiff had suffered "many mini-traumas" rather than "one accidental injury" from which to begin running the statute of limitations. *Id.* at 688. Therefore, the Court determined "that the date for clocking [the] statute of limitations begins when the disabling reality of the injury becomes manifest." *Id.* That remained the law until 1999, when this Court held in *Alcan Foil Products v. Huff,* 2 S.W.3d 96 (Ky. 1999) that the

---

[1] The legislature subsequently added cumulative trauma to the definition of "injury." KRS 342.0011(1).

5

manifestation of disability language in *Pendland* refers to a "worker's discovery that an injury had been sustained." *Id.* at 101. Thus, for cumulative trauma claims, this Court interpreted the "date of accident" language in KRS 342.185(1) to mean the date of discovery. Following *Huff*, this Court refined the cumulative trauma discovery rule in *Hill v. Sextet Mining Corp.*, 65 S.W.3d 503 (Ky. 2001) holding that a claimant does not have to self-diagnose and is not required to give notice of a work-related cumulative trauma injury until a medical professional tells the claimant a condition is work-related. Thus, for cumulative trauma injuries, the obligation to provide notice arises and the statute of limitations does not begin to run until a claimant is advised by a physician that he has a work-related condition.

As the Board noted, the ALJ in this case did not make a factual determination concerning when Goodgame was advised he had a work-related condition. Rather, she simply chose the last day he worked in Kentucky as the date of accident and calculated the running of the statute of limitations from that date. Thus we agree with the Board that the ALJ must, on remand, make that determination.

Consol argues, and the dissenting opinion from the Court of Appeals opines, that the manifestation date of Goodgame's injury is irrelevant because KRS 342.185(1) acts as both a statute of limitations and a statute of repose. "A statute of limitations limits the time in which one may bring suit after the cause of action accrues, while a statute of repose potentially bars a plaintiff's suit before the cause of action accrues." *Coslow*, 877 S.W.2d at 612. For

6

example, the language in KRS 342.316(4)(a) that requires a claimant to file an occupational disease claim within three years after the last injurious exposure to the hazards of the disease or within three years of the manifestation of the disease, whichever is later, acts as a statute of limitations, triggered by either of those two events. KRS 342.316(4)(a) also contains a repose provision, which states that no claim may be filed more than five years after the date of last exposure, other than for claims related to exposure to asbestos or radiation, which must be filed within 20 years of last exposure. Therefore, if a worker was last exposed to the hazards of coal dust in 2009 but did not file a coal workers' pneumoconiosis claim until 2015, his or her claim would be barred, regardless of when he or she first experienced a distinct manifestation of coal workers' pneumoconiosis.

Unlike KRS 342.316(4)(a), KRS 342.185(1), the injury statute of limitations, does not contain statute of repose language. This Court first addressed the issue of repose in injury claims in *Coslow* wherein two claimants sought to extend the discovery rule for cumulative trauma cases from *Huff* to single-traumatic-event injury claims. This Court specifically rejected application of the discovery rule to such claims absent an "accompanying outer time limit or statute of repose." *Coslow*, 877 S.W.2d at 614. In doing so, this Court noted that the legislature had not changed the "date of accident" language in KRS 342.185(1), despite having numerous opportunities to do so. *Id.* Thus, this Court refused to read the statute as encompassing a "date of discovery" rule for single-traumatic-event injury claims. While this Court

7

addressed the difference between a statute of limitations and a statute of repose, it did not specifically hold that KRS 342.185(1) is both. Nevertheless, the net effect of the *Coslow* opinion has been that KRS 342.185(1) acts as both in single-traumatic-event injury claims.

In *Manalapan Mining Co. v. Lunsford,* 204 S.W.3d 601, 605 (Ky. 2006), *as corrected* (Oct. 18, 2006), *as corrected* (Nov. 6, 2006), a hearing loss claim, this Court specifically held that KRS 342.185(1) acts as both a statute of limitations and a statute of repose in cumulative trauma claims. Lunsford, who last worked in 2001, testified he had been exposed to hazardous occupational noise for 37 years. *Id.* at 602. In late 2003, Lunsford underwent a hearing exam and, in early 2004, a physician advised him that he had a noise-related hearing loss. *Id.* He filed his claim for benefits related to that hearing loss shortly thereafter. *Id.* This Court held that the logic expressed in *Coslow* of not applying the discovery rule to a single-traumatic-event injury, absent a statute of repose, applied to cumulative trauma claims. *Id.* at 605. Therefore, the Court held that Lunsford's claim was barred because he did not file it within two years of his last exposure to hazardous occupational noise. *Id.*

While we agree that KRS 342.185(1) acts as both a statute of limitations and a statute of repose, we now disagree with the holding in *Lunsford* that the repose aspect of that statute is triggered by the date of last exposure for three reasons. First, the specific statutory repose periods in KRS 342 all begin to run when their related statutes of limitations begin to run. In occupational disease claims, the date of last exposure triggers the running of both periods.

8

KRS 342.316(4)(a). In HIV claims, the date of injurious exposure triggers the running of both periods. KRS 342.185(2). Therefore, there is a clear legislative intent that the same date should trigger both limiting provisions.

In cumulative trauma claims, this Court has determined that, for statute of limitations purposes, the date of accident, which triggers the running of the statute of limitations, is the date a claimant is informed of a work-related cumulative trauma injury. To be consistent with the legislative intent as directly expressed in KRS 342.316(4)(a) and KRS 342.185(2), the repose aspect of KRS 342.185(1) must also begin to run on the date the statute of limitations begins to run - the date a claimant is informed of a work-related cumulative trauma injury.

Second, in *Lunsford,* the majority tied the limitations and repose periods to the last date worked or the date of last exposure to the trauma. We have long held that "[w]orkers' compensation is a creature of statute, and the remedies and procedures described therein are exclusive." *Williams v. E. Coal Corp.*, 952 S.W.2d 696, 698 (Ky. 1997). There is no "date of last exposure" or "date last worked" language in KRS 342.185(1). As the majority noted in *Coslow,* the legislature has amended KRS 342 numerous times. *Id.* at 614. However, it has not added the aforementioned language to KRS 342.185(1).

Finally, KRS 446.080 states that "[a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature . . . ." We have long held that KRS Chapter 342 should be construed so as to effectuate its beneficent purposes, *i.e.* to compensate injured

workers for the effects of their injuries. *See Bartley v. Bartley*, 274 S.W.2d 48, 49 (Ky. 1954). The majority opinion in *Lunsford* does exactly the opposite by setting a different method for determining the triggering date for the statute of limitations and the period of repose.

In summary, KRS 342.185(1) acts as both a statute of limitations and a statute of repose. For single traumatic event injuries the running of both periods begins on the date of accident. For cumulative trauma injuries the running of both periods begins on the date the injured employee is advised that he has suffered a work-related cumulative trauma injury. Therefore, this claim must be remanded to the ALJ so that she can determine when Goodgame was advised that he suffers from a work-related cumulative trauma injury. She must then determine if Goodgame filed his claim within two years of that date. To the extent *Lunsford* holds to the contrary, it is hereby overruled.

## B.    Extraterritorial Jurisdiction.

On cross-appeal, Goodgame argues that the Court of Appeals erred in affirming the ALJ's finding that Kentucky does not have extraterritorial jurisdiction over injuries suffered in Virginia. KRS 342.670(1) provides that Kentucky can, under certain limited circumstances, exercise jurisdiction over injuries suffered in other states. However, the ALJ found that:

> [T]he work performed by [Goodgame] in Kentucky was
> substantially different than the work performed in Virginia as it
> relates to the cumulative trauma averred by [Goodgame]. There is
> no evidence of substance that the cumulative trauma (alleged to
> have occurred while [Goodgame] worked in Kentucky) continued
> after he began working in Virginia.

10

As the fact finder, the ALJ has the sole discretion to determine the quality, character, and substance of the evidence and may reject any testimony and believe or disbelieve various parts of the evidence regardless of whether it comes from the same witness or the same party's total proof. *Khani v. Alliance Chiropractic*, 456 S.W.3d 802, 806 (Ky. 2015). If the party with the burden of proof fails to convince the ALJ, that party must establish on appeal that the favorable evidence was so overwhelming as to compel a favorable finding. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986).

In his appeal to the Board, Goodgame argued that the evidence supported his claim that he received additional cumulative traumatic injuries while employed in Virginia. However, the Board did not specifically address that argument, and Goodgame did not make the argument on cross-appeal to the Court of Appeals or to this Court. Furthermore, while Goodgame pointed to evidence at the Board level that would have supported a different conclusion, he did not point to any evidence that would have compelled a favorable finding on this issue. Therefore, we need not address whether Kentucky has extraterritorial jurisdiction because the ALJ found that no injury occurred in Virginia. However, we agree with the ALJ, the Board, and the Court of Appeals that Kentucky does not have extraterritorial jurisdiction over any claim arising from a Virginia injury.

### IV. CONCLUSION.

We affirm the Court of Appeals, in part, and vacate the ALJ's opinion finding that Goodgame did not timely file his claim for cumulative traumatic

11

injury suffered in Kentucky. As did the Court of Appeals, we remand this matter to the ALJ for a proper finding regarding when Goodgame's cumulative trauma injury became manifest. If the ALJ determines that Goodgame's injury became manifest more than two years before he filed his claim, she may again dismiss his claim. However, if she determines that Goodgame timely filed his claim, she must then determine the extent of his disability that is attributable to the work he performed in Kentucky.

All sitting. All concur.


COUNSEL FOR APPELLANT/CROSS-APPELLEE,
CONSOL OF KENTUCKY, INC.:

Jeffrey Robert Soukup


COUNSEL FOR APPELLEE/CROSS-APPELLANT,
OSIE DANIEL GOODGAME, JR.:

Sherry Brashear