# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 24, 2017
NOT TO BE PUBLISHED

Supreme Court of Kentucky

2016-SC-000349-WC

BILL GRAY, JR.                                             APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                              CASE NO. 2015-CA-001123-WC
                            WORKERS' COMPENSATION BOARD
                                    NO. 14-WC-01614

JAMES RIVER COAL/BEECH FORK MINE;                         APPELLEES
HON. J. LANDON OVERFIELD, FORMER
CHIEF ADMINISTRATIVE LAW JUDGE;
HON. ROBERT L. SWISHER, CHIEF
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant Bill Gray, Jr. filed a claim for workers' compensation benefits alleging that he had contracted pneumoconiosis, chronic bronchitis and chronic obstructive pulmonary disease as a coal miner. On the motion of Appellee James River Coal/Beech Fork Mine, the administrative law judge (ALJ) dismissed the claim as time-barred under the three-year statute of limitations in Kentucky Revised Statute (KRS) 342.316(4)(a). The Workers' Compensation Board and the Court of Appeals both affirmed the ALJ's order

dismissing Gray's claim. Having carefully reviewed the record and applicable law, we affirm.

## RELEVANT FACTS

Gray worked for various employers as a coal miner for over forty years and retired from James River on August 24, 2009, which was his last injurious exposure to coal dust. He did not file a Kentucky workers' compensation claim until almost five years later on August 22, 2014. In the interim, Gray had filed a federal black lung claim in 2011 with the U.S. Department of Labor, Office of Workers' Compensation Programs, Division of Coal Mine Workers' Compensation. In conjunction with that federal claim, x-rays were taken and a physical examination was performed by Glen R. Baker, M.D., who found as follows on February 5, 2011:

> On the basis of my examination the patient has a chronic lung disease secondary to his coal mine employment. This is based on the presence of both clinical and legal pneumoconiosis.

> With clinical pneumoconiosis he has x-ray changes of Coal Workers Pneumoconiosis, category 1/1, on basis of 2000 ILO Classification. He worked 41 to 42 years in the underground mines at the face of the mine. He has no other condition to account for these x-ray changes. This is presumptive evidence these changes are, in fact, due to coal dust and represent Coal Workers Pneumoconiosis. The only way to prove this is to do a lung biopsy, which is not clinically indicated at this time.

> He also has legal pneumoconiosis. He has COPD and a symptom complex of chronic bronchitis. These can be caused by coal dust exposure. As he has only an approximate 2-pack year history of smoking and has not smoked any for over 40 years, the coal dust is the most likely cause of these conditions. On this basis, his condition has been significantly contributed to and substantially aggravated by coal dust exposure from his coal mine employment and represents legal pneumoconiosis.

> His pulmonary function studies show a mild obstructive defect and his arterial blood gases are normal. On this basis, he does have a mild impairment but he would have the respiratory capacity to perform the work of a coal miner or comparable work in a dust free environment. His medical problems, however, with his cardiac condition, and arthritis of his knees as well as hypertension may be disabling in and of themselves. He would have the respiratory capacity to do the work of a coal miner in and of itself.
>
> His Coal Workers Pneumoconiosis 1/1, COPD with a mild obstructive defect, and chronic bronchitis have an adverse effect on his respiratory system and contributes to his mild pulmonary impairment due significantly to his coal dust exposure.

Gray attached Dr. Baker's report as supporting medical evidence for his August 2014 Kentucky workers' compensation claim.

James River moved to dismiss Gray's claim as untimely because it was filed more than three years after his February 5, 2011 diagnosis of Coal Workers Pneumoconiosis (CWP). The ALJ granted dismissal despite Gray's contention that under KRS 342.316(4)(a) he had five years from his last injurious exposure within which to file his claim. Gray moved for reconsideration of the ALJ's succinct, two-page order, reiterating his same argument. Following the ALJ's denial of reconsideration, Gray appealed to the Board.

The Board noted that under KRS 342.316(4)(a) Gray was required to file within three years after his last injurious exposure or three years after he first experienced "a distinct manifestation" of CWP "in the form of symptoms reasonably sufficient to apprise [him] that he . . . has contracted the disease, whichever shall last occur." The Board agreed with the ALJ that the latter circumstance, "distinct manifestation," had occurred in February 2011 and

that Gray had been informed of his diagnosis at that time. In fact, he had filed a federal black lung claim that same month. Consequently, Gray had through February 5, 2014, to timely file his state claim for CWP. His August 22, 2014 claim was time-barred. In so ruling, the Board rejected Gray's claim that he was entitled under the last sentence of KRS 342.316(4)(a) to file within five years of his last injurious exposure, *i.e.*, by August 24, 2014. The Board considered the definition of "symptom" and concluded that the positive x-ray reading constituted a symptom for purposes of the statute of limitations since it was a "'morbid phenomenon or departure from the normal structure' of the lung indicative of the disease of CWP." Even without this x-ray finding, the Board noted Dr. Baker had documented and conveyed to Gray his findings that the disease had adversely affected Gray's respiratory system, resulting in a mild pulmonary impairment. Using either the positive x-ray finding or the diagnosis of CWP with pulmonary impairment, the claim was time-barred three years after February 5, 2011.

The Court of Appeals affirmed and explained by reference to our recent decision in *Consol of Kentucky, Inc. v. Goodgame*, 479 S.W.3d 78 (Ky. 2015), that KRS 342.316(4)(a) contains both a three-year statute of limitations and a five-year statute of repose. The Court of Appeals held that the ALJ properly found Gray's claim to be time-barred by the three-year statute of limitations, rendering the five-year statute of repose inapplicable. We agree.

4

# ANALYSIS

There are no disputed facts before us but rather the simple question of whether Gray timely filed his CWP claim. Whether particular undisputed facts are sufficient under the language of a statute to trigger the running of the statute of limitations is a question of law. *Fluke Corp. v. LeMaster*, 306 S.W.3d 55 (Ky. 2010). As such, our review is *de novo*. *See also Consol of Kentucky*, 479 S.W.3d at 81 (issue of statutory interpretation in workers' compensation case is reviewed *de novo*).

The timeliness of Gray's workers' compensation claim is determined by reference to KRS 342.316(4)(a), which provides:

> (4)    (a)    The right to compensation under this chapter resulting from an occupational disease shall be forever barred unless a claim is filed with the commissioner within three (3) years after the last injurious exposure to the occupational hazard or after the employee first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise the employee that he or she has contracted the disease, whichever shall last occur; and if death results from the occupational disease within that period, unless a claim therefor be filed with the commissioner within three (3) years after the death; but that notice of claim shall be deemed waived in case of disability or death where the employer, or its insurance carrier, voluntarily makes payment therefor, or if the incurrence of the disease or the death of the employee and its cause was known to the employer. However, the right to compensation for any occupational disease shall be forever barred, unless a claim is filed with the commissioner within five (5) years from the last injurious exposure to the occupational hazard, except that, in cases of radiation disease or asbestos-related disease, a claim must be filed within twenty (20) years from the last injurious exposure to the occupational hazard.

5

In *Consol of Kentucky*, we dealt specifically with the application of the appropriate statute of limitations to a work-related cumulative trauma injury but we also discussed KRS 342.316(4)(a), the occupational disease statute, and how it typically operates. The first sentence of that statute quoted above, particularly the language up through "whichever shall last occur" followed by a semi-colon, "acts as a statute of limitations, triggered by either of those two events," *i.e.*, "last injurious exposure" or the "manifestation of the disease." 479 S.W.3d at 83. The second sentence provides a five-year statute of repose for most occupational disease claims[1] with the five-year period also triggered by the date of last exposure. *Id.* Having identified the two different periods, we then stated: "Therefore, if a worker was last exposed to the hazards of coal dust in 2009 but did not file a coal workers' pneumoconiosis claim until 2015, his or her claim would be barred, regardless of when he or she first experienced a distinct manifestation of coal workers' pneumoconiosis." *Id.* In applying the statute we must look first to the first sentence to see if the three-year limitations period was ever triggered by a distinct manifestation of the disease.

Here, the ALJ understandably found that there had been a manifestation of Gray's CWP in February 2011 upon the positive x-ray finding, a finding of which Gray was informed. The Board agreed that the x-ray was a "distinct manifestation of an occupational disease [CWP] in the form of symptoms reasonably sufficient to apprise the employee that he . . . [had] contracted the

---

[1] The statute has a twenty-year statute of repose for claims related to exposure to asbestos or radiation.

disease." Before the Board, as in the Court of Appeals and here, Gray contended that the findings on the lung x-ray cannot be a "symptom." He seemingly argues that the employee must be consciously experiencing some specific symptom associated with the particular disease for which he is making a claim and, further, that having undergone testing and having been told of the results and a specific medical diagnosis is not enough to trigger the statute. We disagree.

The word "symptom" is not defined in the workers' compensation statute. As the Board noted in its thorough opinion, "symptom" is defined in *Stedman's Medical Dictionary* p. 1884 (28th ed. 2005) as "any morbid phenomenon or departure from the normal structure, function, or sensation, experienced by the patient and indicative of disease." Similarly, *Webster's II New College Dictionary*, p. 1117 (1995) defines symptom as follows: "A phenomenon experienced by an individual as a departure from normal function, sensation, or appearance, generally indicating disease or disorder."

Here, Gray "experienced" changes in his lungs - opacities evident on x-ray - which were indicative of CWP. Gray was informed of these changes to his lungs (symptoms) and his mild pulmonary impairment (also symptoms) by Dr. Baker in February 2011 and filed a federal black lung claim at that time. Under KRS 342.316(4)(a), there was a "distinct manifestation" of CWP as of that date and Gray's three-year statute of limitations began to run. This is plainly not a case, like the hypothetical one we alluded to in *Consol of Kentucky*, where the coal worker was unaware of any disease for several years,

7

then discovered it, but only after (or even shortly before) the five-year statute of repose had expired. Contrary to Gray's argument, the five-year statute of repose is totally irrelevant to his claim.

In conclusion, the ALJ properly found that this claim must be dismissed as filed outside the three-year statute of limitations in KRS 342.316(4)(a). Indisputably, Gray's claim was filed more than three and a half years after the February 2011 manifestation of his CWP. Accordingly, we affirm the Court of Appeals' opinion.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Phyllis L. Robinson


COUNSEL FOR APPELLEE,
JAMES RIVER COAL/BEECH
FORK MINE:

Paul E. Jones
Sara V. A. May
Jones & Walters PLLC