RENDERED: APRIL 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1111-WC

LATONYA COVINGTON                                              APPELLANT

v.
PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-00189

FORD MOTOR COMPANY (KTP);
HON. ROARK S. GRANT,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                         APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, MCNEILL, AND L. THOMPSON, JUDGES.

ACREE, JUDGE: Latonya Covington appeals the Workers' Compensation

Board's (the Board) August 14, 2020 opinion. She believes the Board and the

administrative law judge (ALJ), misconstrued the statute of limitations and

improperly dismissed her claim. Finding no error, we affirm.

# BACKGROUND

Covington worked for Ford Motor Company as an assembly line worker beginning in 2003 and as an inspector beginning in 2009. Her job required her to move vehicles into a station, plug a device into each vehicle, and perform various tests. She tested 17 to 18 vehicles every hour. Sometime in 2012 or 2013, her left hand started bothering her. She went to the doctor who diagnosed her as having carpal tunnel syndrome from work-related activities. After being diagnosed, Covington continued working, but needed treatment to her hand.[1] Her symptoms never fully went away. This treatment continued until 2017, when she was cleared to have surgery.

After her surgery, Ford assigned her to light duty, and allowed her to perform only light duty when her symptoms flared. At present, Covington still experiences numbness and burning in her left hand, has not regained full range of motion and she has weakness in her left hand. Covington claims these symptoms affected not just her work, but her daily life as well.

Ford paid all Covington's medical bills and modified and accommodated her work as an inspector. However, she is currently looking for other jobs that would not be as strenuous to her arms and hands. Because of her injury, Covington filed a Form 101 on February 19, 2019, alleging injury to her left

---

[1] Her treatment included physical therapy and injections.

hand and left thumb that became occupationally disabling after her surgery in 2017. Ford denied Covington's claims, stating she was barred from recovery under the requisite statute of limitations.

The ALJ entered an opinion and order on April 6, 2020, dismissing Covington's claim for failure to file within the statute of limitations in KRS[2] 342.185. The ALJ found Covington's carpal tunnel injury manifested on January 21, 2013, when the doctor informed her the condition was work-related. Given that she continued working, the ALJ concluded Covington could not present any evidence that her current condition or impairment rating was caused by cumulative trauma arising from work-related activity between her 2017 surgery and the date she filed her claim.

Covington appealed the ALJ's order to the Board. The Board affirmed the order as it pertained to the statute of limitations. It stated, "As noted by the ALJ, there is absolutely no evidence in the record establishing Covington sustained a work-related left wrist injury within the two years prior to the filing of her claim." It went on to say, "Because we find the ALJ did not err in determining Covington failed to prove she sustained a left hand or wrist injury within the two years prior to the filing of her claim, we affirm his decision dismissing that portion of her claim as untimely filed."

---

[2] Kentucky Revised Statutes.

This appeal followed.

## STANDARD OF REVIEW

Because this case involves statutory interpretation, our review is *de novo*. *Saint Joseph Hosp. v. Frye*, 415 S.W.3d 631, 632 (Ky. 2013).

## ANALYSIS

KRS 342.185(1) provides for a two-year period of limitations that begins to run upon the date of the work-related, injury-causing event. As to a cumulative trauma injury, the Kentucky Supreme Court recognizes that these are "gradual injuries [that] often occur imperceptibly" over a period of time. *American Printing House for the Blind v. Brown*, 142 S.W.3d 145, 148 (Ky. 2004). As a gradual injury, the date of such injury for notice and for statute of limitations purposes is when the claimant was informed by a medical professional that she suffered from a work-related cumulative injury. *Id.*; *Hill v. Sextet Mining Corp.*, 65 S.W.3d 503, 507 (Ky. 2001).

Under KRS 342.185, the date of injury in a cumulative trauma claim is when a medical professional tells the claimant a condition is work-related. "Thus, for cumulative trauma injuries, the obligation to provide notice arises and the statute of limitations does not begin to run until a claimant is advised by a physician that he has a work-related condition." *Consol of Kentucky, Inc. v. Goodgame*, 479 S.W.3d 78, 82 (Ky. 2015); *see also Hill*, 65 S.W.3d at 507. Here,

-4-

the doctor informed Covington of her injury in January of 2013.  Therefore, the statute of limitations period expired in 2015.

However, Covington contends the limitations period was extended under KRS 342.185(1) because Ford paid her TTD benefits subsequent to her February 28, 2017 surgery.  However, this payment does not revive her claim.

The Kentucky Supreme Court opined in *Holbrook v. Lexmark International Group, Inc.*, that payment of benefits more than two years after an injury does not revive a claim.  65 S.W.3d 908, 913 (Ky. 2001).  Therefore, Covington is unable to revive her claim merely because Ford decided to, and did, pay her TTD benefits.

## CONCLUSION

For the foregoing reasons, we affirm the Board's August 14, 2020 opinion dismissing Covington's claim.


ALL CONCUR.


BRIEF FOR APPELLANT:

Nicholas Murphy
Louisville, Kentucky

BRIEF FOR APPELLEE FORD MOTOR COMPANY (KTP):

Joshua W. Davis
Priscilla C. Page
Louisville, Kentucky