RENDERED:  JUNE 4, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0121-WC

FORD MOTOR COMPANY                                      APPELLANT


PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-2017-01439


VIKKI ALLEN; HONORABLE                                  APPELLEES
JONATHAN R. WEATHERBY,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, KRAMER, AND K. THOMPSON, JUDGES.

COMBS, JUDGE:  This is a Workers' Compensation case.  Appellant, Ford Motor Company, contends that the Workers' Compensation Board exceeded its authority in remanding this cumulative trauma claim to the Administrative Law Judge for further analysis.  Finding no error, we affirm.

In 2012, Appellee, Vikki Allen (Allen), began working for Ford as an assembler. On August 17, 2017, she filed a Form 101, Application for Resolution of an injury claim, alleging a March 24, 2017, injury to her right shoulder and neck due to repetitive work duties. Allen subsequently amended the claim to include her left shoulder. Allen had been treated for a right shoulder problem in 2013. According to her deposition testimony, she fully recovered and resumed her full job duties on the assembly line without restrictions.

By Opinion and Order rendered on August 22, 2020,[1] the Administrative Law Judge (ALJ) dismissed Allen's right shoulder cumulative trauma claim in its entirety, reasoning that:

> Plaintiff's right shoulder injury became manifest on March 1, 2013, when she presented to OHSIM[2] and was diagnosed with a repetitive motion injury to the right shoulder.
>
> Because KRS[3] 342.185(1) acts as a statute of repose, a claim for work related right shoulder injury is barred if not filed within two years of the date of manifestation. The ALJ therefore finds that the Plaintiff's right shoulder claim must be **DISMISSED**.

---

[1] As amended September 10, 2020.

[2] Ford Motor Company Occupational Health and Safety Information System.

[3] Kentucky Revised Statutes.

(Emphasis original.)  The ALJ did award benefits for the left shoulder, having found that Allen "sustained a harmful change to the left shoulder . . . due to overcompensation and that the mechanism of injury is cumulative trauma."  The left shoulder is not at issue before us.

Allen appealed to the Workers' Compensation Board (Board).  By Opinion rendered on December 30, 2020, the Board vacated in part and remanded for additional findings and analysis as follows:

> The above findings set forth by the ALJ explaining his reasoning for determining Allen's right shoulder condition manifested on March 1, 2013 are insufficient.  Furthermore, the above demonstrates and [*sic*] improper analysis was performed in reaching this determination.
>
> The law concerning when a cumulative trauma injury manifests is clear.  An injury caused by cumulative trauma manifests when a worker discovers that a physically disabling injury has been sustained [and] knows it is caused by work.[]  *Alcan Foil Products v. Huff*, [2 S.W.3d 96, 101 (Ky.1999)].  In this claim, it is clear that the second part of the above test was never conducted to determine when Allen was advised by a medical professional that her right shoulder condition resulted from cumulative trauma.  *See also Consol of Kentucky v*[.] *Goodgame*, [479 S.W.3d 78 (Ky. 2015)].  In this claim, the record is simply devoid of any substantive evidence indicating Allen was aware, after having been advised by a physician, that her condition was work-related in 2013.  On remand, the ALJ must set forth adequate evidence in the record indicating Allen was advised in 2013, if in fact she was, that she was suffering from a cumulative trauma injury to her right shoulder.  We direct no specific result.

If, on remand, the ALJ determines the right shoulder cumulative trauma injury manifested in 2013, it is incumbent upon him to determine when the impairment rating for the right shoulder arose. Allen testified her condition related to the 2013 injury resolved and she experienced continuing cumulative trauma from 2013 until 2017. She testified she was able to perform her work activities without symptoms or limitations until March 24, 2017. In *Special Fund v. Clark*, [998 S.W.2d 487 (Ky. 1999)] the court explained that KRS 342.185 only operates to prohibit compensation for whatever occupational disability is attributable to trauma incurred more than two years preceding the filing of the claim. That portion of disability, if any, that results from additional cumulative trauma within the two years leading up to and including the date that a claim is filed, and thereafter, may remain compensable.

Ford appeals, arguing that the Board exceeded its appellate authority by "re-reviewing the evidence and drawing contrary conclusions." We disagree. In *Consol v. Goodgame*, where the ALJ failed to make a factual determination regarding when the claimant was advised that he had a work-related condition, our Supreme Court held as follows:

> [F]or cumulative trauma injuries, the obligation to provide notice arises and the statute of limitations does not begin to run until a claimant is advised by a physician that he has a work-related condition.
>
> . . .
>
> . . . KRS 342.185(1) acts as both a statute of limitations and a statute of repose. . . . For cumulative trauma injuries the running of both periods begins on the date the injured employee is advised that he has suffered a work-related cumulative trauma injury. Therefore, this claim

-4-

> must be remanded to the ALJ so that she can determine when [the claimant] was advised that he suffers from a work-related cumulative trauma injury. She must then determine if [the claimant] filed his claim within two years of that date.

479 S.W.3d at 82, 84. Accordingly, we agree with the Board's analysis and adopt it as if it were our own.

Affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Joshua W. Davis
Priscilla C. Page
Louisville, Kentucky

BRIEF FOR APPELLEE VIKKI ALLEN:

Ched Jennings
Louisville, Kentucky